## HANDY et al. v. ROBERTS.

(Court of Civil Appeals of Texas. Texarkana. March 19, 1914.)

1. SALES (§ 179*)—DUTY TO PURCHASE—EXEMPTION OF PROPERTY.

Where the purchaser of oats did not see them when they were delivered, and was in bed sick when they were sowed on the next day, so that he had no opportunity to discover that they were not of the kind purchased, his failure to examine them would not bar his action for damages for fraudulent representations as to the kind of oats sold.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 456–468; Dec. Dig. § 179.*]

2. FRAUD (§ 28*) — MISREPRESENTATIONS — QUALITY OF ARTICLE SOLD.

If the seller of oats represented that they were of a certain kind, but knowingly delivered a wholly different variety with the intention that the purchaser should receive them for the kind agreed to be delivered, the seller was guilty of actionable fraud which would support an action in the nature of deceit by the purchaser.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 8, 26; Dec. Dig. § 28.*]

3. TRIAL (§ 251*)—INSTRUCTION — APPLICATION TO ISSUES.

In a case of warranty, the purchaser's rights rest in contract, while in case of fraud they are based on tort, so that, in an action by the purchaser of seed oats for damages for fraud in misrepresenting the quality and variety agreed to be delivered, a request to charge as to what would constitute a warranty was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

4. SALES (§ 404*)—BREACH OF CONTRACT.

The seller's failure to deliver the particular variety of goods specified and the delivery of another variety involves a breach of contract, and not a breach of warranty.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1146; Dec. Dig. § 404.*]

5. SALES (§ 266*)—IMPLIED WARRANTY—WARRANTY OF QUALITY.

Where a particular article is sold by description, there is ordinarily an implied warranty that it shall be of the kind described.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 743, 746, 747, 754–759; Dec. Dig. § 266.*]

6. FRAUD (§ 59*)—MEASURE OF DAMAGES.

The damages recoverable in an action of deceit are such as would result from the fraudulent act within the contemplation of the parties, and did proximately result therefrom.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 60–62, 64; Dec. Dig. § 59.*]

7. APPEAL AND ERROR (§ 719*)—ASSIGNMENT OF ERROR—NECESSITY — FUNDAMENTAL ERROR.

Error, in an action for damages from fraudulent representations as to the quality of seed oats agreed to be delivered by the delivery of a different quality, in allowing plaintiff damages for the whole crop, when he only owned two-thirds of it, was fundamental error which will be reviewed without an assignment of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. § 719.*]

8. FRAUD (§ 59*)—DAMAGES RECOVERABLE—AMOUNT.

Where one suing for damages from fraud in agreeing to sell a certain quality of seed oats and delivering a wholly different kind only owned two-thirds of the oat crop, it was error to permit him to recover the value of the loss of the whole crop; he being entitled to recover only two-thirds of that amount.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 60–62, 64; Dec. Dig. § 59.*]

Appeal from Grayson County Court; J. Q. Adamson, Judge.

Action by H. N. Roberts against John R. Handy and others. From a judgment for plaintiff, defendants appeal. Affirmed as reformed.

This is an action of deceit by the buyer against the seller for the damages sustained in the difference between the value of a crop of oats produced from the seed delivered and the value of the crop that would have been produced from the particular kind and variety of seed actually ordered. The plaintiff alleged that on January 31, 1912, he, acting through R. S. Legate, entered into an oral contract with the defendants, by the terms of which the defendants agreed to sell and deliver to plaintiff 50 bushels of red rust proof seed oats, at 70 cents per bushel therfor, and that the defendants failed to deliver red rust proof seed oats as agreed, but fraudulently delivered to plaintiff, without his knowledge to the contrary, 50 bushels of oats that were wholly unfit for seed and of another variety and kind, and that were not red rust proof oats. The defendants answered by denial,

and specially averred that in the sale of the seed oats made by them to plaintiff there was no warranty, express or implied, with reference to the character, kind or productiveness of the seed. In a trial before a jury there was a verdict in favor of plaintiff.

Appellants are partners engaged in the fuel and feed business. The appellee is a farmer, and on January 31, 1912, came to Denison to purchase seed oats for planting. According to the evidence offered in behalf of appellee, he, acting through R. S. Legate, bought of appellants 50 bushels of Texas red rust proof seed oats at the agreed price of 70 cents per bushel, and afterwards appellants knowingly delivered to appellee 50 bushels of another and entirely different variety of oats, and of a lower quality, without his knowledge of the difference in the kind and variety delivered. According to the evidence in behalf of appellants, it was not agreed or undertaken to sell to appellee through Legate any Texas red rust proof seed oats, but they agreed to sell and deliver, as they did, an oat called Arkansas oats, and no other kind, and they made no warranty as to their productiveness or quality. The jury settled the conflict in favor of appellee, and this court is bound by such finding. The appellee's son sowed for him the 50 bushels of seed oats when and as received from appellants, in suitable ground, and later there was matured and gathered only 400 bushels from the crop instead of from 40 to 50 bushels per acre for 20 acres, which would have been the usual and average crop if the seed oats had been red rust proof oats. At the time of the delivery of the seed oats by appellants, the appellee was confined to his bed on account of sickness, and did not see them before they were sowed, and did not know the seed sowed was not the kind and variety purchased until the crop was raised. In accordance with the findings of the jury, we find that the appellants contracted to sell and deliver to appellee 50 bushels of a distinctive variety and quality of seed oats called red rust proof seed oats, for planting purposes, and knowingly delivered instead an Arkansas oat unsuitable to the purposes of appellee, proximately causing the loss awarded by the jury, and that appellee was not guilty of contributory negligence in failing to discover the difference in the seed oats.

Wolfe, Wood & Haven, of Sherman, for appellants. Ross W. Stoddard, of Denison, and Jones & Hassell, of Sherman, for appellee.

LEVY, J. (after stating the facts as above). The first and second assignments predicate error by bill of exception upon the admission of certain evidence. The assignments should be overruled, we think, as affording no sufficient grounds for reversal of the judgment.

The third assignment predicates error upon the charge of the court in authorizing a verdict for appellants upon the finding by a jury of the failure on the part of appellee to use ordinary prudence to inspect and discover that the oats furnished were not Texas red rust proof oats.

[1] It is insisted that it was the absolute duty of appellee to inspect the oats before sowing them. Appellee never saw the oats that were delivered, and was in bed sick when they were sowed the next day, and there is no pretense of any evidence otherwise going to show that he had occasion or opportunity to discover that the oats were not the kind he bought. Unless it should appear—and it does not here—that appellee had discovered the difference in the oats through occasion and opportunity to do so, he would not be precluded of his right to damages proximately caused by the alleged deceit. And under the facts here, there was no error in the instruction of which appellants could complain.

[2] The fourth assignment is predicated upon the refusal to give a peremptory instruction in favor of appellants. It is quite clear from the evidence that appellee was intending to purchase of appellants, for planting purposes, only the particular variety and quality of seed oats called the Texas red rust proof oats. But the evidence is conflicting as to the terms of the sale. The evidence in behalf of appellee goes to show a sale of the specific variety and quality of oats as claimed by him. The evidence in behalf of appellants goes to show a sale only and specifically of an Arkansas oat, which was delivered strictly in accordance with the terms of sale. In view of the evidence, if the appellee, through Mr. Legate, made the proposal to appellants to purchase from them 50 bushels of Texas red rust proof seed oats, as was the exclusive province of a jury to say, and appellants, knowing the terms of the proposal, accepted such proposal, and agreed to sell and deliver that particular kind and variety of oats, then a contract in respect thereto is established by the evidence. Here in one view it would appear that the appellee agreed to buy a specific kind and variety of seed oats, and the appellants agreed, if true, on the sale and delivery of the specific article. Being a contract in regard to the sale and delivery of a specific article, as within the province of the jury to say, then knowingly to deliver a wholly different variety and kind of seed oats, if true, with the intention that it should be acted upon by appellee, and actually inducing him to act upon it as the particular kind and variety of oats actually bought, would operate to establish that which is in law termed "fraud." And for such fraudulent representation of fact, if so found by the jury, an action in the nature of deceit, as here, would lie. Floral Co. v. Watson, 160 S. W. 659. Whether the different variety of oats delivered was, in fact, of a character to deceive appellee became and was, under the facts here, a question for the jury. The facts go to show that he never saw the oats delivered, and was

sick at the time, and by reason thereof his means of knowledge was not equal to that of appellants, and hence we could not say, as a matter of law, that he did not in this case have a right to rely upon the alleged· false representation of fact. We think the case as made by the record was one that was legally required to be passed to the jury for decision.

[3] The fifth and sixth assignments each predicate error upon refusal to give special charges respecting what it would take to constitute a warranty. The point made is that the jury should have been instructed to the effect that a sale of grain for seed designated as Texas red rust proof oats does not constitute a warranty that said oats are suitable for any particular use. The case, as pleaded and proven, does not involve warranty. Plaintiff's action is for tort, in the nature of deceit; and the court's charge to the jury was in accordance with the petition. A distinction is to be observed between warranties and other grounds of liability. In the case of a warranty the rights of the purchaser rest in contract, while in the case of fraud they are based on the tort.

[4, 5] Where the contract is for the sale of a designated article, and another is delivered, the failure to deliver the particular goods is not a breach of warranty, but a breach of the contract. Reed v. Randall, 29 N. Y. 358, 86 Am. Dec. 305. Whereas in a sale of a particular article by description, and actually delivered, there is ordinarily an implied warranty that the article shall be of the kind described.

[6] The effect of alleged acts of deceit is to be determined by their truth or falsity, and the damages recoverable are such as result proximately from the wrong as, within the contemplation of the parties, would result from the act. Jones v. George, 61 Tex. 345, 48 Am. Rep. 280. The assignments are overruled.

[7, 8] While the question of excessive damages is not raised by any assignment, yet we think there is fundamental error here in respect thereto. It appears from this record that appellee only owned two-thirds of the crop, and the charge authorized the jury to consider damages to all the crop. As said in Jones v. George, supra: "The owners of the other part of the crop, who, subsequent to its destruction, conveyed their interests therein, together with any right of action they might have against the appellee for his breach of contract, could not thereby clothe the appellants with a right of action they never had. With them the appellee had no contract, and it is well settled that, when a right or duty is created wholly by contract, it can only be enforced between the contracting parties or their privies." Being the owner of only two-thirds of the crop, and the jury having measured the value of the whole loss at $240, the appellee would be entitled to recover two-thirds of that amount, or $160.

Therefore the judgment is reformed so as to allow appellee a recovery against appellants for $160, and, as so reformed, the judgment will be affirmed; but the appellants, for this error, will recover of appellee all costs of appeal.