**M. DEAN KAUFMAN, INC., Plaintiff,**

v.

**WARNACO, INC., et al., Defendants.**

**Civ. No. 12747.**

United States District Court
D. Connecticut.

Jan. 3, 1969.

A. Reynolds Gordon, Bridgeport, Conn., for plaintiff.

John D. Fassett, of Wiggin & Dana, New Haven, Conn., for defendants.

TIMBERS, Chief Judge.

This is a diversity action under 28 U.S.C. § 1332 for breach of a contract under which plaintiff, on behalf of the individual defendants, initiated a merger agreement between their corporation (White Stag) and a Connecticut corporation (Warnaco, Inc.). Plaintiff alleges that, as a result of his successful endeavors, White Stag Manufacturing Company was merged into defendant Warnaco, Inc. (the surviving corporation). Plaintiff seeks the commission provided for in his contract with the individual defendants, who were "acting for themselves . . . and for [White Stag]." Additional relief is sought against Warnaco, Inc. which assumed the liabilities of White Stag and which allegedly interfered with the contract.

Defendants have moved to dismiss, pursuant to Rule 12(b)(3), Fed.R.Civ. P., on the ground that venue is improper. At the hearing on the motion on December 16, 1968, defendants conceded that venue is proper as to the corporate defendants, but urged that the action be dismissed as to the individual defendants.

## QUESTION PRESENTED

The question before the Court can be stated with relative simplicity: where did plaintiff's claim arise? It is conceded by all parties that this judicial district is the residence of neither all plaintiffs nor all defendants;[1] therefore, under 28 U.S.C. § 1391(a), venue is proper only if this district is the one "in which the claim arose."

## OPINION

█ Jurisdiction over the individual defendants was obtained by attachment and garnishment pursuant to Rule 4(e), Fed.R.Civ.P., and the applicable Connecticut statute;[2] but this quasi-in-rem jur-

---

1. Plaintiff is a New Jersey corporation; Warnaco is a Connecticut corporation; White Stag was an Oregon corporation which under the terms of its merger agreement with Warnaco had its assets trans- ferred to a Delaware corporation bearing the same name; Hirsch is a resident and citizen of Oregon; the Oppenheimers are residents and citizens of California.

2. Conn.Gen.Stat. § 52–279 (Supp.1968).

isdiction does not obviate the necessity of venue being proper under § 1391(a). See Great American Insurance Co. v. Louis Lesser Enterprises, Inc., 353 F.2d 997, 1007 (8 Cir. 1965); United Industrial Corp. v. Nuclear Corp. of America, 237 F.Supp. 971, 980 (D.Del.1964); Advisory Committee's Note to Rule 4(e), republished at 31 F.R.D. 628; 2 Moore's Federal Practice ¶ 4.32[2], at 1236–37 (2d ed. 1967); 1 Barron & Holtzoff, Federal Practice and Procedure § 183 (Supp. 1967).

█ Plaintiff asserts that his claim arose in this district in that there is more substantive connection with Connecticut than with any other judicial district, relying primarily upon his own Connecticut contacts with Warnaco and the Connecticut contacts of White Stag with Warnaco (which allegedly included the consummation of the merger). In short, plaintiff views the foundation of his claim as one for breach of contract and would ignore, for venue purposes, the fact that this contract was formalized in another judicial district. By the terms of his contract, "no commission was earned or due unless and until a deal was actually consummated"[3]; and plaintiff appears to be claiming that, until the actual merger within this district, his claim had not arisen.

This argument must be rejected. Any rights which plaintiff presently asserts against these defendants arise out of his contract; these rights vested under that contract. The effect of the provision re-

cited above goes only to the accrual of those rights at the time the merger itself was consummated. At that time there was, in effect, a relation back to the original contract, at least insofar as determining where the claim arose, since the rights which had vested under that contract had given plaintiff a contingent claim which he could assert at the time of consummation of the merger.

Plaintiff's claim did not arise out of the merger, nor out of the preliminary negotiations which led to it. It arose out of his contract; and, since this contract was not entered into in this district, and concededly no other basis of venue under § 1391 is applicable, venue is improper. This action must either be transferred or dismissed pursuant to 28 U.S.C. § 1406(a).

█ Transfer can be made only to any district "in which [the action] could have been brought. Plaintiff has not claimed that there is any district in which in personam or quasi-in-rem jurisdiction of the defendants co-exists with proper venue.[4] Thus, while venue is proper in the district of plaintiff's residence, or in the district where the claim arose, this Court cannot transfer this action to either district absent a showing by plaintiff that jurisdiction over the parties could have been obtained in such district. In addition to the absence of such showing, plaintiff has not claimed that such transfer would be in the interest of justice, as required by the statute.[5]

---

3. Supplemental affidavit of M. Dean Kaufman. This affidavit does not clarify whether plaintiff's contract was with White Stag through its officers and directors, or directly with the individual defendants. Throughout this opinion the Court has referred to it as "plaintiff's contract" without specifically designating the other contracting parties.

4. Such a district might be found in New Jersey, the residence of plaintiff, which would satisfy the venue prerequisites; but plaintiff has made no showing that proper jurisdiction exists in that district for him to have been able to initiate the suit there. A similar question remains unanswered as to jurisdiction in the district where the claim arose (i.e. where the contract was made), since venue would be proper there as well.

5. Nizami v. Woods, 263 F.Supp. 124 (S.D. N.Y.1967). At oral argument plaintiff indicated that he was considering a request for transfer, but he has never filed a motion with the Court, possibly recognizing the difficulty of obtaining juris-

■ Since venue is proper as to the corporate defendants (Warnaco is incorporated in Connecticut and White Stag apparently does business in Connecticut) under 28 U.S.C. § 1391(c), the Court orders that, on the ground of improper venue, the action against Hirsch and the Oppenheimers is severed and, as thus severed, is dismissed without prejudice. See Rains v. Cascade Industries, Inc., 258 F.Supp. 974 (S.D.N.Y.1966); Tiernan v. Westext Transport, Inc., 243 F. Supp. 566 (S.D.N.Y.1965); United Nations Korean and Reconstruction Agency v. Glass Production Methods, Inc., 143 F. Supp. 248 (S.D.N.Y.1956); 1 Moore's Federal Practice ¶ 10.146[5], at 1909 (2d ed. 1964). In accordance with the order of dismissal, the attachments and garnishments of the property of the above named defendants are hereby vacated. The motions of the corporate defendants are in all respects denied.[6]

### ORDER

Ordered that

(1) The action against defendants Harold Hirsch and Maurice and Helen Oppenheimer is severed, and, as severed, is dismissed without prejudice, for improper venue pursuant to 28 U.S.C. § 1406(a).

(2) All attachments and garnishments against the above-named defendants are vacated.

(3) The motion to dismiss for improper venue by defendants Warnaco, Inc. and White Stag Manufacturing Company is denied, with leave to these defendants to move for dismissal pursuant to Rule 19 (b).

diction over the individual defendants in a forum both convenient to plaintiff and where venue is proper.

6. On the present state of the record there is no way in which the Court can determine whether the individual defendants

are indispensable parties, thus precluding severance and supporting dismissal of the entire action. The order of dismissal is made without prejudice to such a showing pursuant to Rule 19(b).