**GEODYNAMICS OIL AND GAS, INCORPORATED**

v.

**U. S. SILVER & MINING CORPORATION.**

**Civ. A. No. 71-C-209.**

United States District Court, S. D. Texas, Corpus Christi Division.

March 23, 1973.

Willard E. Shuart, Corpus Christi, Tex., for plaintiff.

J. Michael Mahaffey, Corpus Christi, Tex., for defendant.

## ORDER

OWEN D. COX, District Judge.

The Plaintiff, Geodynamics Oil & Gas, Inc., called Geodynamics, a Pennsylvania corporation, brought this suit for the alleged breach of a contract which provided for the drilling of a test well for oil and gas on a tract of land, Concession 71, in the Republic of Panama: The Defendant U. S. Silver & Mining Corp., called Silver, a Nevada corporation with its principal place of business in Illinois, has filed herein a motion to dismiss the complaint, setting forth several reasons why this action should be abruptly terminated as a matter of law.

The first reason Defendant Silver gives for dismissing the complaint is that it fails to state a claim upon which relief can be granted. No specific reasons are put forward why it fails to do so. This Court, having reviewed the complaint, concludes that a cause of action is clearly set forth.

The Defendant further contends in its motion to dismiss that it is a Nevada corporation, has no office in Texas, and thus is not subject to the service of process under the provisions of Article 2031b, Vernon's Ann.Tex.Civ.St. The Defendant seems to think it must be amenable to process "within the Southern District of Texas" and that the location of its principal place of business in the State of Utah is of some consequence. But, this Court considers such matters to be inconsequential, so long as the Defendant's principal place of business is not in Texas. Such situation would destroy diversity.

This Court concludes Defendant Silver, a foreign corporation, had sufficient minimum contacts in the State of Texas, in connection with the transaction before this Court, so that in personam jurisdiction may be maintained over it. The execution of a contract by mail or

otherwise is sufficient to establish that a foreign corporation is doing business in the State of Texas. Section 4 of Texas Article 2031b. While the Defendant Silver had no office in Texas and no certificate to do business in Texas, Silver was "doing business" in Texas within the meaning of said Texas Article 2031b of Vernon's Texas Civil Statutes. The Fifth Circuit has made it clear, in Atwood Hatcheries v. Heisdorf & Nelson Farms, 357 F.2d 847 (5th Cir. 1966), that this so-called Texas Long Arm Statute will reach just as far as the federal constitutional eye can see. The extension of the reach of state long arm statutes by International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), would have caught Mr. Pennoyer. The principle of "minimum contacts" is now the order of the day. McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); O'Brien v. Lanpar Co., 399 S.W.2d 340 (Tex.1966). The only limitation, if this is any, on this expanded reach is that of Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), which requires that there be, in each case, "some act by which the defendant purposely avails itself of the privilege of conducting activities within the Forum State, thus invoking the benefits and protection of its laws."

Now, let's take a look at the facts which confront us here. Defendant maintained a bank account in Corpus Christi, Texas, within the Southern District, for the purpose of the transaction between Plaintiff and Defendant, which is the basis of this litigation. In addition, the President, Secretary, Chairman of the Board, and other representatives of Defendant Silver, traveled to Texas in regard to such transaction. The Defendant's President, Mr. Pinder, executed the settlement agreement here sued on in Dallas, Texas. Certainly, these activities constituted sufficient minimum contacts with the State of Texas so that the maintenance of in personam jurisdiction does not offend due process. However, if this Court's conclusion needs bolstering, there were several other contracts between Plaintiff and Defendant executed in Corpus Christi, Texas, and in Dallas, Texas, some of which provided venue in Texas and Nueces County, and thus agreed to the jurisdiction within this state.

Further, Defendant Silver moves the dismissal because it is not licensed to do and it is not doing business in Texas. This is not a valid contention. This issue has already been covered. Nor is it objectionable that the Plaintiff Geodynamics is a foreign corporation. It has a certificate to conduct business in Texas, and, under Article 8.18, V.A.T.C.S., Business Corporation Act, is entitled to maintain this suit in this Court.

Defendant Silver's motion to dismiss because jurisdiction is invoked on federal question grounds is specious. Jurisdiction is invoked under the diversity statute. 28 U.S.C., § 1332.

The Defendant Silver's motion to dismiss further urges that the claim sued upon did not arise within this district. 28 U.S.C., § 1391, provides that a civil diversity action "may . . . be brought *only in the judicial district* where all plaintiffs or all defendants reside, or *in which the claim arose.*" (Emphasis added.) Although the Defendant was doing business in Texas, it did not reside in the Southern District of Texas. Its home office and it principal place of business were in the states of Utah and Illinois. So, venue can be maintained in the Southern District of Texas only if the "claim arose" here. Ryan v. Glenn, D.C., 52 F.R.D. 185, 192, says that the word "claim" as it is used in the quoted statute providing for venue in a United States judicial district means "the aggregate of operative facts giving rise to a right enforceable in the courts"; thus, where the claim arose is a matter of substantive law. This being the case, we must look, under *Erie*, to the law of Texas to determine venue in this diversity case.

The promissory note herein sued on, which is only a small part of Plaintiff's

total claim, creates no problem. It is payable in Corpus Christi, Texas, a city within this district. But, to use it alone to establish Corpus Christi Division venue might be using the tail to wag the dog.

In determining where Plaintiff's claim arose, we must first talk about the Plaintiff's alleged cause of action based upon fraudulent misrepresentations. In Texas, an action based upon fraud is a tort. Handy v. Roberts, Tex.Civ.App., 165 S.W. 37. Here, the contract sued upon, called "Settlement Agreement," is described as "the settlement of differences between" the parties to this litigation relative to a controversy arising out of a transaction involving "the drilling of an initial test well." Incorporated as a part of said contract "for all purposes" were certain previously executed instruments. In this Settlement Agreement, certain representations were made by Defendant that "adequate rotary drilling equipment and machinery to drill the New Well to casing point as provided in the Second Modification Agreement and the Turnkey Agreement" was available, and that it would do certain other things in connection with the drilling of the well. There is no way of telling from the record the situs of the conversations where such representations were originally made.

Certainly, some of the settlement conferences were had in Corpus Christi, Texas, and one of the acts which Plaintiff agreed to do in reliance on such representations was "to dismiss 'without prejudice' the lawsuit filed by it against Silver" on September 20, 1971, being Cause No. 71–C–160 in the Southern District of Texas, Corpus Christi Division. And, Plaintiff did so. This action certainly is one of the "operative facts" giving rise to a right which made the contract sued upon binding.

■ However, in addition to a sufficient number of activities in connection with the settlement agreement, we have a stronger reason to fix venue in the Southern District of Texas, under Article 1995, Vernon's Texas Civil Statutes.

This statute provides that, if a person has "contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing," venue in a suit upon such contract or "by reason of such obligation" may be maintained against the defendant in the county named. The application of these provisions of the Texas statute may be more applicable to the Plaintiff's claim based upon breach of contract, rather than the one which complains of fraudulent misrepresentations. A suit on breach of contract would certainly arise "by reason of" the contract obligation. But, even if the Texas statute does not govern as to the fraudulent representations, the claim of breach of contract will, if the circumstances are appropriate, hold this case here.

■ Attached to said Settlement Agreement, and made a part of it, were several exhibits. Exhibit 2 was designated Loan Agreement. It provided for funds to be advanced and made available to Plaintiff in Corpus Christi, Texas; authorized the Senior United States District Judge for the Southern District of Texas to appoint an arbitrator if a dispute as to the market value of the properties were involved. And, in the form attached to and described as Exhibit "A" of said Exhibit 2, provided all sums to be payable in Corpus Christi, Nueces County, Texas, and fixed venue in Nueces County, Texas. The instrument designated Exhibit "C" of Exhibit 2 was an agreement providing it was "entered into and executed entirely" within the State of Texas and shall be construed pursuant to the laws of Texas.

Further, Exhibit 3 to said Settlement Agreement provided it was entered into in the State of Texas, and was to be construed in accordance with the laws of Texas, and it fixed the place of payment and venue in Nueces County, Texas. There were Exhibits I, II and III attached to said Exhibit 3.

There are no provisions of the Settlement Agreement as set forth in any of the exhibits which indicate a desire to

fix venue any place else. Consequently, under said Texas statute (Article 1995), venue of this action can be maintained in Nueces County, Texas, and, thus, within the Southern District of Texas, Corpus Christi Division.

 Defendant has additionally, by way of its brief, objected on the grounds that the "Modification of Agreement to Operate Concession 71," Exhibit 7 of the agreement, one of the contracts entered into between the parties hereto, makes Panamanian law applicable, and provides for jurisdiction in the courts of Panama. However, a reading of the agreement makes it clear this provision refers to potential disputes between a third party to the contract and Silver, and that portion of the agreement is not applicable to the Plaintiff Geodynamics.

Therefore, the various contentions suporting Defendant Silver's motion to dismiss being without merit, said motion should be overruled. It is ordered that Defendant U. S. Silver & Mining Corporation's said motion to dismiss the complaint of Geodynamics Oil & Gas, Inc., should be, and it is hereby, in all respects, denied.