Teodoro **AGUERO** et al., Plaintiffs,

v.

Wally **CHRISTOPHER** and Walter Schlictman, Defendants.

Civ. A. No. L–79–35.

United States District Court,
S. D. Texas,
Laredo Division.

Jan. 3, 1980.

Jose Garza, Texas Rural Legal Aid, Inc., Laredo, Tex., for plaintiffs.

Donato D. Ramos, Person, Whitworth, Ramos, Borchers & Morales, Laredo, Tex., for defendants.

## ORDER

KAZEN, District Judge.

Came on for consideration before the Court the Defendants' Motion to Dismiss, with a supporting affidavit, and Plaintiffs' Response in Opposition thereto. After giving due consideration to the matters raised by the parties, this Court is of the opinion that the Defendants' motion should be denied.

The Plaintiffs seek to recover damages for violations of the Wagner-Peyser Act, 29 U.S.C. §§ 49 et seq., the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., the Agricultural Adjustment Act, 7 U.S.C. § 1446, and for breach of contract. The Plaintiffs, two migrant farm worker families, allege in their complaint that in April of 1978 the Defendants caused to be sent an offer of employment (Clearance Order N.D. 03–04, 970573) through the interstate employment service system to the Texas Employment Commission's office in Laredo, Texas. The Plaintiffs accepted this offer of employment through an employee of the Texas Employment Commission who contacted Defendant Christopher by telephone to inform him of Plaintiffs' acceptance of the job offer. Subsequently, the Plaintiffs began preparation for their trip to North Dakota and incurred expenses as a result of such preparation. As required by the Wagner-Peyser Act, the Clearance Order sent by the Defendants contained the terms of employment, such as the hourly wage to be paid and the approximate number of work hours needed to perform the job. On or about June 3, 1978, Plaintiffs arrived in North Dakota and shortly thereafter began work on a regular basis. The Plaintiffs now allege that they were paid substantially less than was promised and is required under the Fair Labor Standards Act and the Agricultural Adjustment Act. After the Plaintiffs returned to Texas, this lawsuit ensued.

The Defendants have moved to dismiss on the grounds of improper venue or alternatively, to transfer this cause to the United States District Court of North Dakota, Northeastern Division, where they contend venue is proper.

Because the Plaintiffs' claim is not founded solely on diversity of citizenship, the controlling venue statute is 28 U.S.C. § 1391(b), which states:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

It is undisputed that neither Defendant resides in the Southern District of Texas.

Thus, venue is proper only if it can be said that the claim arose in this District.

At the outset, the Court notes that in nondiversity cases under § 1391(b), federal law is applied to determine "where the claim arose." *Idaho Potato Commission v. Washington Potato Commission,* 410 F.Supp. 171, 175 (D.Idaho 1976); *Arnold v. Smith Motor Co., Brookfield Missouri,* 389 F.Supp. 1020 (N.D.Iowa 1974). *See Murphree v. Mississippi Pub. Corp.,* 149 F.2d 138, 140 (5th Cir. 1945); *Standard Insurance Co. v. Isbell,* 143 F.Supp. 910, 912 (E.D.Tex.1956).

For venue purposes, a "claim" means "the aggregate of operative facts giving rise to a right enforceable in the courts. . . ." *Maney v. Ratcliff,* 399 F.Supp. 760, 766 (E.D.Wis.1975); *Geodynamics Oil & Gas, Inc. v. U. S. Silver & Mining Corp.,* 358 F.Supp. 1345, 1347 (S.D. Tex.1973); *Ryan v. Glenn,* 52 F.R.D. 185, 192 (N.D.Miss.1971). Thus a claim arises in any jurisdiction where material operative facts giving rise to that claim occur. *Commercial Lighting Products, Inc. v. United States District Court and Industrial Lighting Products Co.,* 537 F.2d 1078, 1080 (9th Cir. 1976); *Travis v. Anthes Imperial Ltd.,* 473 F.2d 515, 528–29 (8th Cir. 1973); *Sterling Television Presentations, Inc. v. Shintron Co., Inc.,* 454 F.Supp. 183, 190 (S.D.N. Y.1978); *United States ex rel. Flemings v. Chafee,* 330 F.Supp. 193, 194 (E.D.N.Y.1971) *aff'd* 458 F.2d 544 (2d Cir. 1972) *rev'd on other grounds,* 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973); *Philadelphia Housing Authority v. American Radiator and Standard Sanitary Corp.,* 291 F.Supp. 252, 260–61 (E.D.Pa.1968).

The Defendants contend that venue lies in the Northeastern Division of North Dakota because the alleged breach of contract occurred there. Although this fact is unquestionably relevant and material to the venue issue, it is not necessarily determinative of it. *Frazier v. Alabama Motor Club, Inc.,* 349 F.2d 456, 460 (5th Cir. 1965). Additionally, this place-of-injury approach is too simplistic in the context of Wagner-Peyser actions where Congress has a strong interest in protecting migrant laborers from abuse by their employers to the north. *See Gomez v. Florida State Employment Service,* 417 F.2d 569, 571–76 (5th Cir. 1969). *Cf. Athletes Foot of Delaware, Inc. v. Ralph Libonati Co., Inc.,* 445 F.Supp. 35, 45 n. 30 (D.Del.1977); *Redmond v. Atlantic Coast Football League,* 359 F.Supp. 666, 669 (S.D. Ind.1973); *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.,* 291 F.Supp. 252, 260 (E.D.Pa.1968).

In several contract cases, venue was found to be proper in the district where the contract was entered into and partially performed. *See Sterling Television Presentations, Inc. v. Shintron Co., Inc.,* 454 F.Supp. 183, 190 (S.D.N.Y.1978); *Paragon International, N.V. v. Standard Plastics, Inc.,* 353 F.Supp. 88, 91 (S.D.N.Y.1973); *M. Dean Kaufman, Inc. v. Warnaco, Inc.,* 299 F.Supp. 722, 724 (D.Conn.1969). *See also Du-Al Corp. v. Rudolph Beaver, Inc.,* 540 F.2d 1230 (4th Cir. 1976); *B. J. McAdams, Inc. v. Boggs,* 426 F.Supp. 1091, 1103 (E.D.Pa. 1977). In the present case the Defendants allegedly sent an offer of employment to Laredo, Texas, through the interstate employment service system established as a result of the Wagner-Peyser Act. The Plaintiffs contend that they accepted the Defendants' offer while at the Texas Employment Commission's office in Laredo. In performance of their obligations under the contract, the Plaintiffs incurred expenses in Laredo preparing for the trip to North Dakota. Also, the effects of Defendants' alleged breach were felt in the homes of the respective Plaintiffs located in Laredo. This contact with the forum district is rather significant in view of the nature of the Plaintiffs' claim. *See Travis v. Anthes Imperial Ltd.,* 473 F.2d 515, 529 (8th Cir. 1973); *Sheffield v. State of Texas,* 411 F.Supp. 709, 713 (N.D.Tex.1976). Because these "operative facts" occurred in Laredo, the Court finds that venue is proper in this district. The Defendants' motion to dismiss is therefore DENIED.

The Defendants contend, however, that even if venue is proper in this district, the "interests of justice" require a transfer

of this cause to North Dakota. *See* 28 U.S.C. § 1404(a). Whether or not this cause should be transferred is a question of balancing the conveniences of the parties and their witnesses. *B. J. McAdams, Inc. v. Boggs*, 426 F.Supp. 1091, 1103–04 (E.D.Pa. 1977); *Arnold v. Smith Motor Co., Brookfield, Missouri*, 389 F.Supp. 1020, 1023–24 (N.D.Iowa 1974). Yet it is well settled in this Circuit that "[p]laintiff's privilege to choose, or not to be ousted from, his chosen forum is highly esteemed." *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966); *Rodriguez v. Pan American Life Ins. Co.*, 311 F.2d 429, 434 (5th Cir. 1962) *vacated on other grounds*, 376 U.S. 779, 84 S.Ct. 1130, 12 L.Ed.2d 82 (1964). *Accord Gardner Engineering Corp. v. Page Engineering Co.*, 484 F.2d 27, 33 (8th Cir. 1973); *Kisko v. Penn Central Transportation Co.*, 408 F.Supp. 984, 986 (M.D.Pa.1976); *Jones v. United States*, 407 F.Supp. 873, 877 (N.D. Tex.1976). Therefore, the Plaintiffs' choice will not be disturbed unless the Court finds the balance to be strongly in favor of the Defendants. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Rodriguez v. Pan American Life Ins. Co.*, 311 F.2d 429, 432 (5th Cir. 1962) *vacated on other grounds*, 376 U.S. 779, 84 S.Ct. 1130, 12 L.Ed.2d 82 (1964). *Accord Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970), *cert. denied* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971).

█ For the following reasons, the Court finds the balance to be in favor of the Plaintiffs. The Plaintiffs are two migrant farm worker families and the Defendants are two farmers residing in North Dakota. It would appear to be less burdensome on the Defendants to defend in this district than it would be on the Plaintiffs to prosecute their cause in North Dakota. Even if a trial in the Southern District of Texas would burden the Defendants, the uncontroverted fact remains that they chose this district "as the convenient location to transact business with the Plaintiffs." *Wahl v. Foreman*, 398 F.Supp. 526, 529 (S.D.N.Y. 1975). Additionally, the Defendants have made no showing that a trial in this district would prejudice their rights to a fair trial.

*See Nowell v. Dick*, 413 F.2d 1204, 1212 (5th Cir. 1969).

Finally, it should be noted that factors of public interest also have a place in determining whether or not to transfer this cause. *See Koehring Co. v. Hyde Construction Co.*, 324 F.2d 295, 296 (5th Cir. 1963). With the enactment of the Wagner-Peyser Act, Congress expressed a public interest in protecting the migrant laborers. As aptly described by Chief Judge Brown, "[t]he Act, quite obviously, was also intended to offer some protection to those employees who shift about the country to meet the needs of those employers who voluntarily use the resources of the federal government to secure workers." *Gomez v. Florida State Employment Service*, 417 F.2d 569, 571–72 (5th Cir. 1969). It is well known that many migrant laborers do not have the financial resources necessary to prosecute a claim hundreds of miles from home. To require the Plaintiffs to prosecute this case in North Dakota would seriously dilute the Congressional effort to protect migrant workers.

Accordingly, the Defendants' motion for change of venue is DENIED.