Pedro, Paula, Manuel, Jorge Martin, Alvaro, Leticia, San Juana, Jose Antonio, Maria Magdalena, Alfredo, and Fabiola GURROLA; Francisco, Maria De Lourdes, Juan, Diana, Eliazar, and Leonel Garcia; Cayetano, Rosalinda, Maria De Rosario, Cayetano, Jr., Maria Victoria, and Martin Gamboa; Guadalupe and Elodia Carpio; Arturo, and Marianela Mendiola; Rene, Martina, Rene, Jr., and Minerva Chapa,

v.

GRIFFIN & BRAND SALES AGENCY, INC., and Juan Vela.

Civ. A. No. B–80–30.

United States District Court,
S. D. Texas,
Brownsville Division.

April 21, 1980.

Texas Rural Legal Aid, Inc., Edward J. Tuddenham, Hereford, Tex., and James Herrmann, Harlingen, Tex., for plaintiffs.

Jones & Lewis, B. Buck Pettitt, McAllen, Tex., for defendant Griffin & Brand Sales Agency, Inc.

Garcia, Garcia & Allee, Ramon Garcia, Edinburg, Tex., for defendant Juan Vela.

## MEMORANDUM AND ORDER

DeANDA, District Judge.

Plaintiffs in this cause of action seek to recover damages under the Farm Labor Contractor Registration Act (FLCRA) 7 U.S.C. § 2041 et seq., The Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and for breach of contract. Now before the Court for its consideration are a Motion to Dismiss Because of Improper Venue or Motion for a Change of Venue, filed by Defendant Griffin & Brand Sales Agency, Inc., the Plaintiffs' response thereto, and Defendant Vela's Motion to Dismiss and Motion for Change of Venue. Both Defendants base their Motions to Dismiss on improper venue and their Motions for Change of Venue upon the doctrine of forum non conveniens. After reviewing the motions, pleadings and the appropriate legal authorities relating to the matters raised by the parties, this Court is of the opinion that Defendants' motions should be denied.

Plaintiffs are migrant farm labor families whose permanent residence is in Hidalgo County, Texas, within the Brownsville Division of the Southern District of Texas. Defendant Vela is also a resident of Hidalgo County, Texas, and the co-Defendant Griffin & Brand Sales Agency, Inc., is a corporation incorporated under the laws of the State of Texas, having its principal place of business in Hereford, Deaf Smith County, Texas.

With regard to the alleged violations of federal law, the Plaintiffs allege that during the spring of 1979, Defendant Vela, acting as a farm labor contractor for Griffin & Brand, solicited, recruited, and hired Plaintiffs in Hidalgo County to travel to Hereford, Texas, to perform farm labor for Griffin & Brand. Plaintiffs accepted this offer of employment in Hidalgo County and incurred expenses there in preparing to travel to Hereford. They subsequently arrived in Hereford and began working for Griffin & Brand. Plaintiffs further allege that the Defendants did not fulfill the promises made to them at the time of recruitment with respect to wages, hours, the availability and condition of housing to be provided them and other conditions of their employment.

Because jurisdiction in this case is not based solely on diversity of citizenship, the controlling venue statute is 28 U.S.C. § 1391(b). It provides that:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

Venue is proper in this court under both of the tests set forth in this subsection.

■ All the Defendants reside in the Southern District of Texas. Defendant Vela is a resident of Hidalgo County, Texas, which county lies within the Brownsville Division of the Southern District of Texas. Although Defendant Griffin & Brand has its principal place of business in Hereford, in the Northern District of Texas, it is a corporation incorporated and licensed to do business throughout the State of Texas. The residency of a corporation for venue purposes is determined by reference to 28 U.S.C. § 1391(c), which states:

(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

Therefore, Griffin & Brand is a resident for venue purposes of every federal judicial district in Texas, regardless of the location of its principal place of business. *Davis v. Hill Engineering, Inc.*, 549 F.2d 314, 320–23 (5th Cir. 1977). Thus, both Defendants are residents of the Southern District of Texas for venue purposes, and venue is proper here.

■■ Venue is also proper in the Southern District under § 1391(b), as this is the district "in which the claim arose." For venue purposes, "claim" means the aggregate of operative facts giving rise to a right enforcable in the courts. *Maney v. Ratcliff*, 399 F.Supp. 760, 766 (E.D.Wis.1975); *Geodynamics Oil & Gas, Inc. v. U. S. Silver &*

*Mining Corp.*, 358 F.Supp. 1345, 1347 (S.D. Tex.1973). Although the breach of contract alleged herein occurred in the Northern District of Texas, such is not solely determinative of the venue issue. *Frazier v. Alabama Motor Club, Inc.*, 349 F.2d 456, 460 (5th Cir. 1965). In fact, in several contract cases venue was found to be proper in the district where the contract was entered into and partially performed. *See Sterling Television Presentations, Inc. v. Shintron Co., Inc.*, 454 F.Supp. 183, 190 (S.D.N.Y.1978); *M. Dean Kaufman, Inc. v. Warnaco, Inc.*, 299 F.Supp. 722, 724 (D.Conn.1969). This analysis is especially appropriate in FLCRA actions in light of the strong congressional interest in providing an adequate and effective remedy for migrant farm laborers from abuse by farm labor contractors. 7 U.S.C. § 2041 and *Guerrero v. Garza*, 418 F.Supp. 182 (W.D.Wis.1976). Although farming employers are generally located in the north, they and farm labor contractors employed by them commonly solicit laborers in the areas near the workers' homes, providing descriptions of the work to be done, giving representations about the conditions of employment, and ultimately entering into contracts of employment. To require Plaintiffs to prosecute an action in a distant district where a breach of the agreement occurs, rather than where the agreement was entered into and where performance began, would impose upon Plaintiffs an intolerable financial burden, chilling their desires to vindicate statutorily created rights, if not effectively destroying their ability to do so. *Cf. Aguero v. Christopher*, 481 F.Supp. 1272 (S.D.Tex.1980).

The Plaintiffs have alleged that they were contacted within this District by the Defendants about employment and that an offer was made to them here. The representations as to conditions of employment were also made within this District. In reliance upon these representations and in performance of the contract, the Plaintiffs incurred expenses in this District in preparing for their trip to the north. Because it was substantially these facts which gave rise to the Plaintiffs' claims, the Court finds that venue is proper in this District. In light of the nature of the Plaintiffs' claims, it is also significant that the effect of the Defendants' alleged misrepresentations and breach of contract was felt within this District in the homes of the respective Plaintiffs. *See Aguero v. Christopher, Id.*

■ Since venue is proper in this District, the Defendants contend in the alternative that in the interest of justice this case should be transferred to the Northern District of Texas, for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a). In making a determination of the merit of these motions, the Court is called upon to balance the convenience of the parties and the witnesses, but with a view toward preserving Plaintiffs' privilege to choose their forum. *Time, Inc. v. Manning*, 366 F.2d 690 (5th Cir. 1966). Thus, the defendant carries a heavy burden of showing the balance to be in its favor. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

■ In view of this heavy burden, it is significant that the Defendants in this case have failed to submit specific evidence of the asserted inconvenience by way of affidavit or documents, but rather have relied upon general claims of inconvenience to themselves and their proposed witnesses. The lack of specific evidence of inconvenience is particularly important in light of Plaintiffs' occupation and the nature of their claims. Plaintiffs' are migrant farm workers. The circumstances under which they are hired and work have traditionally exposed them to abuse by relatively well financed individuals. It was in response to this risk of abuse that Congress enacted those provisions under which the Plaintiffs now bring this case. Thus, it is apparent that public interest, as evidenced by congressional action in this area, dictates that the court ensure that Plaintiffs' legal remedies are not diluted by an indiscriminate transfer that would impose serious financial burdens upon them. *Aguero v. Christopher, supra; see generally, Gulf Oil Corp. v. Gilbert, supra.*

After considering Defendants' motions in light of the above factors, the Court is determined that Defendants have failed to show that the relative inconvenience to them significantly outweighs that inconvenience which would be imposed upon the Plaintiffs if they were forced to prosecute this action in a forum 750 miles from their homes. It is well known that migrant laborers generally lack the financial resources necessary in order to prosecute a claim at such a distance from their homes. Moreover, the Defendants herein have failed to make a specific showing of the relative inconvenience to them, which would outweigh those factors that suggest that Plaintiffs prevail in their choice of forum.

For the reasons set out above, it is hereby ORDERED ADJUDGED and DECREED that the Defendants' Motions to Dismiss based upon improper venue and their Motions for Change of Venue be, and the same are, DENIED.

It is further ORDERED that the Defendants file their answers in this cause of action within 20 days of the date of this Memorandum and Order.