Jose GUTIERREZ, Plaintiff,

v.

VIRGINIA AGRICULTURAL GROW-
ERS ASSOCIATION, INC. and
Odell Phillips, Defendants.

No. 5:90CV00011.

United States District Court,
S.D. Texas,
Laredo Division.

Jan. 18, 1991.

Javier Riojas, Texas Rural Legal Aid, Inc., Weslaco, Tex., for plaintiff.

Michael C. Towers and Ann Margaret Pointer, Fisher and Phillips, Atlanta, Ga., Paul D. Gallego, Mann, Trevino, Hale, Gallego, Laredo, Tex., for defendants.

MEMORANDUM

KAZEN, District Judge.

Defendants move to dismiss for lack of personal jurisdiction or, alternatively, for change of venue. Because the jurisdictional issue presents a fairly debatable constitutional question, the Court deems it prudential to decide the venue question first. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 99 S.Ct. 2710, 2715, 61 L.Ed.2d 464 (1979).

The applicable venue provision is 28 U.S.C. § 1391(b), placing venue either in the judicial district where all defendants reside or that in which the claim arose. Defendant Phillips is a resident of Virginia. Defendant Virginia Agricultural Growers Association, Inc. ("VAGA") is a Virginia corporation. Clearly both Defendants do not reside in the Southern District of Texas. Arguably they both reside in the Western District of Virginia. Under § 1391(c), however, VAGA would be "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Because the Court will defer deciding whether VAGA is subject to personal jurisdiction in the Southern District of Texas, it will consider the question of where the claim arose.

*Leroy* instructs that, assuming a claim can "arise" in more than one district, then "a plaintiff may choose between those two (or conceivably even more) districts that with approximately equal plausibility—in terms of the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (but *not* of the plaintiff)—may be assigned as the locus of the claim." 99 S.Ct. at 2717.

Under this test, the instant claim arose in the Western District of Virginia. Plaintiff alleges that he was recruited in the Republic of Mexico to work in the State of Virginia. He travelled from Coatepec, Mexico to Nuevo Laredo, Tamaulipas, Mexico to obtain an H-2 visa. He then crossed the

border and took a bus from Laredo, Texas to Petersburg, Virginia. The complaint alleges several violations of H–2 regulations, namely, failure to provide Plaintiff with a copy of the work contract, failure to comply with the ¾ workday guarantee, failure to reimburse for travel costs, and failure to comply with all applicable employment related laws. These breaches occurred, if at all, in Virginia. The work contract was to be performed entirely in Virginia. Nothing happened in the Southern District of Texas, other than the fortuitous boarding of a bus in Laredo as part of Plaintiff's journey from southern Mexico to Virginia. Contrary to Plaintiff's argument, it cannot be said that boarding the bus in Laredo means the contract was made in Laredo.[1] Plaintiff's complaint alleges that he was recruited in Mexico and his affidavit of June 1, 1990 explains that this recruitment came by way of Plaintiff's call to one Fausto Mariano in Ciudad Altamirano, Guerrero, Mexico. This location is not in the Southern District of Texas, nor is Nuevo Laredo, Tamaulipas, Mexico, where Plaintiff allegedly obtained his visa. Likewise, any relevant activities by Jorge Del Alamo occurred in San Antonio, Texas, which is not in the Southern District of Texas.

Considering availability of witnesses, accessibility of other relevant evidence, and the convenience of the Defendant, it cannot be said "with approximately equal plausibility" that the Southern District of Texas is the locus of the claims in this case. *Leroy, supra.*

This case will be transferred to the United States District Court for the Western District of Virginia, pursuant to 28 U.S.C. § 1406(a).

---

1. This case patently differs from *Aguero v. Christopher,* 481 F.Supp. 1272 (S.D.Tex.1980), where the plaintiffs lived in Laredo, accepted an offer of employment at the Texas Employment Commission in Laredo, incurred travel preparation expenses in Laredo, and suffered damages in Laredo.