**ALAMEDA OIL COMPANY et al.,
Plaintiffs,**

v.

**IDEAL BASIC INDUSTRIES, INC.,
et al., Defendants.**

**No. 16770-4.**

United States District Court,
W. D. Missouri, W. D.
April 8, 1970.

Albert Thomson, Linde, Thomson, Van Dyke, Fairchild & Langworthy, Kansas City, Mo., for plaintiffs.

Watson, Ess, Marshall & Enggas, Kansas City, Mo., for defendants.

MEMORANDUM AND ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

ELMO B. HUNTER, District Judge.

*Background of this Proceeding*

This is an action filed by certain former stockholders of the Potash Company of America to recover damages for al-

leged violations of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78n(a), and for an alleged breach of the common law fiduciary duty of the individual defendants. Although this action was originally filed in one count alleging violations of federal securities law, plaintiffs subsequently filed an amended complaint to include the alleged breach of fiduciary duty under Colorado law. As to the federal question herein presented, jurisdiction and venue are specifically premised upon Section 27 of the Securities Exchange Act, 15 U.S.C. § 78aa (Jurisdiction of offenses and suits). Under Count II, the Colorado common law count, plaintiffs premise jurisdiction and venue upon the doctrine of "pendent jurisdiction" and the extraterritorial service of process provided by 15 U.S.C. § 78aa.

In their first amended complaint, plaintiffs allege, *inter alia*, that the defendants, "by the use of means or instrumentalities of interstate commerce or of the mails (a) employed a device, scheme or artifice to defraud, (b) made untrue statements of material facts and omitted to state facts necessary to make the statements made * * * not misleading, and (c) engaged in acts, practices and a course of business which would and did operate as a fraud and deceit upon the plaintiffs in connection with plaintiffs' sale of the Capital Stock of Potash," and that the defendants "did solicit or conspire to solicit proxies from the plaintiffs * * * by means of a proxy statement containing statements which were * * * false and misleading with respect to material facts and which omitted to state facts necessary in order to make the statements therein not misleading."

The factual basis for this count, as alleged, concerns the failure of the defendants to communicate an offer by the Susquehanna Corporation, a Colorado corporation, to exchange its securities for the outstanding Potash stock by means of a merger between the two corporations. Potash was also a Colorado corporation.

Plaintiffs allege that in spite of this offer, the individuals, as corporate directors, voted to approve and authorize a subsequent merger plan with defendant Ideal Basic Industries, a Colorado corporation. It is the further allegation of the plaintiffs that the individual defendants caused Potash to solicit proxies in an effort to gain approval of the merger with defendant Ideal without disclosure of the earlier Susquehanna merger offer. By way of relief, plaintiffs seek damages in an amount representing the difference between the market value of the securities offered in exchange by Susquehanna and the securities actually received as the result of the merger with defendant Ideal.

In Count II of their amended complaint, plaintiffs include allegations of a breach of the individual defendants' common law fiduciary duty owed to the stockholders of Potash in voting to approve and authorize the merger agreement with defendant Ideal.

On May 24, 1968, defendant Ideal Basic Industries and the individual defendants filed amended answers alleging, *inter alia,* that as to Count II, the common law count, this Court lacked jurisdiction over the subject matter presented and was without personal jurisdiction. Defendants also allege that as to Count II that venue in the Western District of Missouri was improper.

Subsequently, on July 9, 1969, defendants filed a motion to dismiss Count II of plaintiffs' complaint on the grounds (1) that this Court lacked personal jurisdiction over the defendants, (2) that process and service of process were insufficient, and (3) that venue in this district is improper. Defendants contend that the original complaint and summons were not served upon any of the defendants in this state and that this is not the district where the alleged claim arose. Defendants do not dispute that service of process was made by way of the extraterritorial service provisions of 15 U.S.C. § 78aa. In their suggestions

in support of their motion, defendants state:

"In Count II of the amended complaint, plaintiffs added an additional state law claim, premised upon the doctrine of 'pendent jurisdiction,' alleging that defendants violated a fiduciary duty owing to plaintiffs and to similarly situated stockholders of Potash Company of America. It appears that Count II seeks to state a claim arising under Colorado law; Potash was organized under the laws of Colorado, its principal place of business is in that state, and the conduct of the defendants alleged to be unlawful took place in Colorado."

It is presently defendants' contention that, as to Count II, plaintiff's extra-territorial service under 15 U.S.C. § 78aa is not valid and further that the venue requirements of 28 U.S.C. § 1391(b) have not been satisfied as to this Colorado-based claim. In this regard, defendants state:

"The complaint itself shows that all defendants do not reside in this district, and the claim alleged in Count II quite apparently arises in Colorado so far as it has any force at all."

Defendants seek the dismissal of Count II of the amended complaint without prejudice for plaintiffs' alleged failure to comply with Rule 4(f), F.R.Civ.P., or 28 U.S.C. § 1391.

In their suggestions in opposition to defendants' motion to dismiss, filed August 9, 1969, plaintiffs contend that the nonfederal claim alleged in Count II is "pendent" to the federal claim asserted in Count I and that this Court, therefore, has proper *in personam* jurisdiction as to the non-federal claims. It is plaintiffs' contention that the mailing of the proxy statements into the Western District of Missouri was an integral part of defendants' unlawful acts and that defendants' conduct caused injury to those plaintiffs residing in this district. Therefore, they contend that jurisdiction and venue in this district have been established under 15 U.S.C. § 78aa and the provision of 28 U.S.C. § 1391(b) which allows suit in the district where the claim arose.

On August 19, 1969, a hearing was held for oral argument upon defendant's pending motions. At that hearing, defendants continued their objections as to venue in the Western District of Missouri in regard to Count II of plaintiff's complaint. Counsel for the defendants also asserted that as to Count II, "the real charge is against the whole course of conduct of the directors of the Colorado corporation and we submit that there is not sensible basis for saying that claim arose in this district."

In response, counsel for the plaintiffs conceded that as to Count II the standard by which defendants' conduct should be measured is the "Colorado corporate law * * * and the common law under those statutes." However, counsel for the plaintiffs continued to assert that jurisdiction and venue are proper in this district under the doctrine of "pendent" jurisdiction.

At the close of that hearing, the Court inquired as to the maintenance of this suit as a class action under the provisions of Rule 23, F.R.C.P. Counsel for the defendants indicated that they would oppose such action. Shortly thereafter, on September 12, 1969, plaintiffs submitted to the Court a proposed order denominating this suit as a class action. And, on November 17, 1969, defendants filed suggestions in opposition to plaintiffs' application for a class action order. As to the maintenance of a class action in the Western District of Missouri, defendants state:

"Under the rule consideration is to be given to whether or not it is desirable to concentrate litigation "in the particular forum" where the present action is not lodged. No reason exists why Missouri is an appropriate place of trial save possibly for the small minority of Potash stockholders who live in that area. On the contrary, if there is any forum to which non-resident plaintiffs might reasonably be brought for common litigation, it is

Colorado, where Potash and Ideal Cement were incorporated and maintained their principal places of business, where the greatest number of former Potash shareholders reside, and where the basic directors' decisions that plaintiffs attack took place."

In their response to defendants' opposition, plaintiffs assert that venue is proper in this district and that a transfer to another forum would cause delay in this proceeding.

### TRANSFER UNDER SECTION 1404(a)

■ The provisions of 28 U.S.C. § 1404(a) read as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under this statutory provision, a district court may order such transfer to a more convenient forum even though venue is properly laid in accordance with the general or a special venue statute. 1 Moore, Federal Practice ¶ 0.145[1], p. 1752. And, assuming that the district court has the power to transfer, this discretionary power is to be exercised "in the interests of justice" and in light of all the circumstances of the case. I-T-E Circuit Breaker Company v. Becker, 343 F.2d 361 (8th Cir. 1965). Particularly relevant factors in determining the propriety of a transfer under 28 U.S.C. § 1404(a) are: (1) the relative ease of access to sources of proof; (2) the availability of process for the attendance of witnesses; (3) the practical problems of a trial held in the original forum; (4) the appropriateness in having the trial in a forum that is at home with the state law that must govern the action; (5) the connection or nexus of the operative facts to a particular forum; and (6) the residence or place of incorporation of the parties to the action. See: 1 Moore, Federal Practice ¶ 0.145[5]; C. Wright, Federal Courts, § 44, pp. 165–170 and cases cited therein.

■ The initial determination to be made prior to any transfer under 28 U.S.C. § 1404(a) is whether the action could have been brought in the transferee forum. Plaintiffs have specifically alleged jurisdiction and venue under 15 U.S.C. § 78aa as to their federal claim. This jurisdiction and venue is apparently established on the basis that certain proxies and proxy statements were received by some of the plaintiffs in the Western District of Missouri. However, it is readily apparent, both from the pleadings of the plaintiffs and the pleadings of the defendants, that such material was initially prepared and transmitted in the District of Colorado. Furthermore, it is also apparent from those pleadings that the remaining acts alleged in Count I occurred in that judicial district. Therefore, as to the federal questions presented herein, jurisdiction and venue would also be proper in the District of Colorado. See: Wyndham Associates v. Bintliff, 398 F.2d 614 (2nd Cir. 1968); Matheson v. Armbrust, 284 F.2d 670 (9th Cir. 1960), cert. den. 365 U.S. 870, 81 S.Ct. 904, 5 L.Ed.2d 860 (1961); Schneider v. Sears, 265 F.Supp. 257 (S.D.N.Y.1967); Hooper v. Mountain States Sec. Corp., 282 F.2d 195 (5th Cir. 1960), cert. den. 365 U.S. 814, 81 S.Ct. 695, 5 L.Ed.2d 693 (1961).

In various pleadings throughout this proceeding, defendants have expressly contended that if liability exists as to Count II, the appropriate forum in which this common law claim should be tried is Colorado. Defendants raise strong doubt as to venue and jurisdiction in this district and they oppose the exercise of this Court's jurisdiction in that matter. Assuming, without deciding the merits of defendants' argument, it would appear to the Court that even though proper venue did not lie in this district, venue may be proper in the District of Colorado under the provisions of 28 U.S.C. § 1391(b) which allows suit "in the judicial district where all defendants reside, or in which the claim arose." As to venue and service of process under the doctrine of "pendent" jurisdiction, how-

ever see: C. Wright, Federal Courts, § 20, p. 65 (1970); 2 Moore, Federal Practice ¶ 4.42[1], n. 43; Cooper v. North Jersey Trust Company, 226 F.Supp. 972 (S.D.N.Y.1964); Kane v. Central American Mining & Oil, Inc., 235 F.Supp. 559 (S.D.N.Y.1964), and Puma v. Marriott, 294 F.Supp. 1116 (D.Del.1969).

On March 31, 1970, a full evidentiary hearing was held upon the order of this Court to show cause why this case should not be transferred under the provisions of 28 U.S.C. § 1404(a). At that hearing defendants stated that they supported a transfer of this case to the District of Colorado. Furthermore, in support, defendants offered documentary evidence in regard to the location of witnesses, the distribution of Potash shareholders, and the location of corporate records. Plaintiffs state that they prefer trial in the Western District of Missouri, but they concede the discretionary power of this Court to order transfer under the provisions of 28 U.S.C. § 1404(a).

■ Therefore, in view of the above-mentioned circumstances, it is apparent that this Court has the *power* under 28 U.S.C. § 1404(a) to transfer this cause to the District of Colorado. There remains, however, the question of whether this action should, in the discretion of the Court, be transferred to that district.

## THE PARTIES

■ Following the filing of plaintiffs' second amended complaint on August 28, 1969, less than one-fourth of the party plaintiffs resided in the Western District of Missouri. None of the defendants reside in this district. However a majority of the party defendants reside in the District of Colorado and apparently are subject to service of process there, should that be necessary under Count II of plaintiffs' complaint. Potash Company of America, the corporation of which plaintiffs were shareholders, was a corporation organized under the statutory law of Colorado and had its principal place of business there. Similarly, defendant Ideal Basic Industries is presently a Colorado corporation with its

principal place of business in that state. Furthermore, it appears that only a small minority of the total number of former Potash stockholders reside in the Western District of Missouri. (2,284 former Potash shareholders of a total 5,724 shareholders reside in Colorado. Only 141 shareholders reside in Missouri.)

## THE COLORADO NEXUS

Plaintiffs have alleged certain breaches of fiduciary duty by the individual defendants through acts occurring in Colorado. Furthermore, plaintiffs have expressly conceded that this alleged fiduciary duty is to be measured by the statutory law of Colorado and the common law thereunder. In both Counts I and II, the acts alleged basically concern transactions performed in Colorado in regard to corporations created under the laws of that state. Thus, there appears in this case both a strong legal and factual connection with the state of Colorado. It has long been recognized that: "There is an appropriateness, too, in having the trial * * * in a forum that is at home with the state law that must govern the case." Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); see also: Van Dusen v. Barrack, 376 U.S. 612, 645, 84 S.Ct. 805, 11 L.Ed.2d 945 (1963). Furthermore, it is readily apparent from the pleadings, the nature of the acts alleged, and the evidence adduced by the defendants that essential witnesses and corporate records will be located in the District of Colorado.

## THE PROPOSED CLASS ACTION

The final and perhaps most persuasive factor in determining whether this action should be transferred to the District of Colorado is the strong likelihood that this suit will ultimately be maintained as a class action under Rule 23, F.R.C.P. Under the provisions of Rule 23(b) (3) (C), a relevant consideration in the maintenance of a class action is "the desirability or undesirability of concentrating the litigation of the claims in the particular forum." Defendants suggest that "if there is any forum to

which nonresident plaintiffs might reasonably be brought for common litigation, it is Colorado." In response, plaintiffs state that a "substantial" number of the plaintiffs reside in the Western District of Missouri. However, as of the time of the filing of plaintiffs' second amended complaint, only twenty-six of a total one hundred and twenty plaintiffs resided in this district. Furthermore, it appears that a large number of the present and potential plaintiffs reside in communities equally, if not more convenient to Colorado. Therefore, should this suit be later denominated a class action, it appears that such action should be maintained in the forum (1) where the corporations involved are incorporated; (2) where the alleged acts basically occurred; (3) where the corporate files and records are located; and (4) where the place of trial will be convenient to all present and potential parties. Logically, that forum is Colorado.

Accordingly, in view of the foregoing, the above-styled case is hereby transferred to the United States District Court for the District of Colorado. The Clerk of the Court is hereby directed to transmit all necessary files and records to that Court.

It is so ordered.