**Guy C. ARNOLD, Plaintiff,**

v.

**SMITH MOTOR COMPANY, BROOK-FIELD, MISSOURI, Defendant.**

**No. C 74–50.**

United States District Court,
N. D. Iowa,
Cedar Rapids Division.

Dec. 19, 1974.

Brent G. Harstad, Cedar Rapids, Iowa, for plaintiff.

Ernest F. Pence, Cedar Rapids, Iowa, James P. Williams, Brookfield, Mo., for defendant.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on defendant's resisted motion filed November 12, 1974, under Rule 12(b)(3), FRCP, to dismiss for improper venue.

Plaintiff, a resident of Cedar Rapids, Iowa, commenced this action under Section 409 of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1989 [1] (Supp. III 1973). Subject matter

---

1. Section 1989 of Title 15, United States Code reads:

(a) Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of—

(1) three times the amount of actual damages sustained or $1,500, whichever is the greater; and

(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

(b) An action to enforce any liability created under subsection (a) of this section, may be brought in a United States district court without regard to the amount in controversy, or in any other court of competent

jurisdiction is granted by 15 U.S.C. § 1989(b).

The complaint alleges that defendant, a Missouri corporation, acquired a 1969 Dodge van with 74,229 miles recorded on the odometer. Subsequently, during July of 1973, plaintiff claims that defendant altered the odometer to read 54,209 miles and certified this figure as the accurate mileage for the vehicle in contravention of 15 U.S.C. §§ 1984 and 1988 [2] (Supp. III 1973). This same van was assertedly then sold to a Cedar Rapids auto dealer at an auction in Kirksville, Missouri, and later purchased by plaintiff from the Iowa dealer.

■ Defendant's motion presents a question of first impression to this court. The Act relied upon contains no special venue provision, and hence proper venue must be determined under the general venue statute, 28 U.S.C. § 1391.

■ Subsection (a) of that statute is inapplicable because jurisdiction in this lawsuit is not founded solely on diversity, there being less than $10,000 in controversy and a federal question involved here. See 1 Moore's Federal Practice ¶ 0.142[3] (1974). Plaintiff does not allege that defendant maintained sufficient contacts with the Northern District of Iowa to be "doing business" within the purview of §

1391(c). Venue must therefore be established under § 1391(b),[3] and in particular must be derived from where the "claim arose" since defendant is not a resident of this district.

No reported cases have been found by this court or cited by the parties which deal with the question of where a claim arises for venue purposes when the action is founded on the recently enacted Motor Vehicle Information and Cost Savings Act.[4] In fact, a paucity of judicial interpretations exists generally with respect to the clause "or in which the claim arose," the clause having been added by amendment to § 1391(a) & (b) in 1966.

■ In construing the clause as added to § 1391(a) for diversity cases, several courts have relied on the *Erie* principle in holding state law as determinative of where the claim arose. Geodynamics Oil & Gas, Inc. v. U. S. Silver & Mining Corp., 358 F.Supp. 1345 (S.D. Tex.1973); Ryan v. Glenn, 52 F.R.D. 185 (N.D.Miss.1971); Philadelphia Housing Authority v. American Radiator and Standard Sanitary Corp., 291 F. Supp. 252 (E.D.Pa.1968). However, these decisions incorporating state law have been criticized, *see* C. Wright, Law of Federal Courts § 42 at 152 n. 23 (2nd ed. 1970), and in any event federal sub-

jurisdiction, within two years from the date on which the liability arises.

2. Section 1984 of Title 15, United States Code provides:

It is unlawful for any person or his agent to disconnect, reset, or alter the odometer of any motor vehicle with the intent to change the number of miles indicated thereon.

Section 1988 of Title 15, United States Code provides:

(a) Not later than 90 days after October 20, 1972, the Secretary shall prescribe rules requiring any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:

(1) Disclosure of the cumulative mileage registered on the odometer.

(2) Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the

number of miles the vehicle has actually traveled.

Such rules shall prescribe the manner in which information shall be disclosed under this section and in which such information shall be retained.

(b) It shall be a violation of this section for any transferor to violate any rules under this section or to knowingly give a false statement to a transferee in making any disclosure required by such rules.

3. Section 1391(b) of Title 28, United States Code states:

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

4. Publ.L. 92–513 enacted October 20, 1972.

stantive law is applied to test "where the claim arose" in nondiversity cases under § 1391(b). *Philadelphia Housing, supra* at 260.

Most analogous to the instant situation are those few reported decisions in private antitrust, securities, and trademark cases where the claims were based at least in part on a cause of action created by federal statutes. As discussed below, the rule emerging from these cases is to decide where the claim arose by viewing the weight of the defendant's contacts with any given district.

■ In private antitrust actions, the general venue statute supplements the specific venue provisions in the Clayton Act. *Philadelphia Housing, supra,* involved allegations of a conspiracy to fix prices, and the plaintiff contended the action could be brought under § 1391(b), as amended, in any district where the defendant sold fixtures at an elevated price. The court rejected the mechanical "place of injury" test for determining where a claim arises in tort cases as too simplistic for antitrust actions and announced instead the "weight of contacts" approach. 291 F.Supp. at 260.

The concept of examining the significance of a defendant's contacts to determine where a claim arises for venue purposes has been followed in several subsequent antitrust cases. Redmond v. Atlantic Coast Football League, 359 F. Supp. 666 (S.D.Ind.1973); Fox-Keller, Inc. v. Toyota Motor Sales, U.S.A., Inc., 338 F.Supp. 812 (E.D.Pa.1972); California Clippers, Inc. v. United States Soccer Football Ass'n, 314 F.Supp. 1057 (N.D.Cal.1970); ABC Great States, Inc. v. Globe Ticket Co., 310 F.Supp. 739 (N.D.Ill.1970).

Two cases brought under the Securities and Exchange Act of 1934, 15 U.S. C. § 78a et seq., discuss venue under § 1391(b), primarily in the context of pendent claims for alleged breach of common law fiduciary duties. Alameda Oil Co. v. Ideal Basic Industries, Inc., 313 F.Supp. 164 (W.D.Mo.1970); Travis v. Anthes Imperial Ltd., 331 F.Supp. 797 (E.D.Mo.1971), rev'd, 473 F.2d 515 (8th Cir. 1973). In *Alameda,* the court implied in *dictum* that venue was not proper in Missouri because the overt acts by corporate officials occurred in Colorado, even though stockholders in Missouri were thereby damaged. 313 F.Supp. at 168.

The district court dismissed the action in *Travis* because, as an alternative basis, the court found the most substantial activity and hence proper venue to lie in Canada. 331 F.Supp. at 806. But the Court of Appeals reversed, finding the only significant contacts with the United States to lie in Missouri and holding venue proper in the Eastern District there since it was the only district where plaintiff could vindicate his statutory rights in an American court. 473 F.2d at 529.

A recent decision in an action brought to redress trademark infringement phrased the question of venue under the "claim arose" clause of 28 U.S.C. § 1391(b) as whether "claim" means the largest part, a substantial part, or any part of a claim. Honda Associates, Inc. v. Nozawa Trading, Inc., 374 F.Supp. 886, 890 (S.D.N.Y.1974). Reviewing the antitrust and securities cases, the court adopted the weight of contacts approach. Applying this test, venue was held improper because only a small fraction of the total infringements occurred through catalog sales in New York compared to approximately 90 percent of the infringements which occurred in California through direct and mail order transactions. The court noted that its decision was not intended to preclude suit in any district other than the one with the most activities, but only to eliminate suits in a district wherein contacts with the action were minuscule. 374 F.Supp. at 891–92.

■ It is the opinion of this court that balancing the contacts involved in a given action is a reasonable manner of

determining "where the claim arose" for venue purposes. However, the process of weighing the contacts should be performed with an eye to the purpose of venue—convenience of the litigants.

▪ Venue has been considered as the place where jurisdiction may be exercised, and while it affords some protection to defendants, it is designed to facilitate the maximum convenience for *all* the litigants. 1 Moore's Federal Practice ¶ 0.140[1.–1], 1317 (1974). The 1966 Amendment to § 1391 evidenced a concern for a forum convenient to the aggrieved party as well as the defendant. Gardner Engineering Corp. v. Page Engineering Co., 484 F.2d 27, 33 (8th Cir. 1973). Modern means of transportation and the availability of a motion for transfer under 28 U.S.C. § 1404 in a case of extreme inconvenience have obviated the need for a strict venue rule based on a theory of geographic hardship to the defendant. *See Gardner, supra* at 33; 1 Moore's, *supra* at ¶ 0.140[1.–1], 1318; 5 C. Wright and A. Miller, Federal Practice and Procedure § 1352 at 572 (1969).

▪ In the instant action, the court finds substantial contacts with this district to render venue appropriate under 28 U.S.C. § 1391(b). The injury, the sale to plaintiff which precipitated it, and the alleged consequential damages which flowed therefrom all occurred here and will require proof by plaintiff.

While the injury and damages may not be a significant portion of an anti-trust claim involving a sophisticated conspiracy between several corporations, they may well form a substantial part of the total operative facts which give rise to a claim under the statute involved here. On the other hand, proof of the overt acts which constitute a violation of the odometer requirements in the Act will not necessarily be so complex as to require attendance by a bevy of witnesses from another state.

▪ This court also feels that the purpose of the statute creating the cause of action is relevant in determining what constitutes a claim under the statute. In reporting on the Act to the Senate, the Committee on Commerce noted that Subchapter IV, which contains the odometer provisions, was intended to curb the practice of importing vehicles with tampered odometers from a neighboring state with no regulation into a state which did prohibit such conduct. 1972 U.S.Code Cong. § Admin.News pp. 3960, 3962.

The purpose of the Motor Vehicle Information and Cost Savings Act would be frustrated if plaintiffs were deterred from bringing actions against out-of-state defendants by a restrictive interpretation of venue. Though the Act provides for awarding costs and reasonable attorney's fees to a successful plaintiff, 15 U.S.C. § 1989(a)(2), a plaintiff's personal expenses and other costs not included in the statutory award might well inhibit filing the action. This is especially true where the damages potentially recoverable are small, such as the $1500.00 statutory minimum, 15 U.S.C. § 1989(a)(1), and further distinguishes this type of action from an anti-trust or securities case where damages tend to be inherently larger.

For all of the foregoing reasons, the court finds that the contacts with this district which are relevant to this lawsuit are sufficient to establish venue under 28 U.S.C. § 1391(b).

It is therefore ordered

Denied.