Maria **GACHETTE**, Plaintiff,

v.

**TRI–CITY ADJUSTMENT BUREAU;**
**Thomas G. Smith; and Carolyn**
**Brockwell, Defendants.**

**Civ. A. No. C80–1545A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

June 26, 1981.

---

John S. Graettinger, Jr. and Elizabeth Coleman-Stroup, Atlanta, Ga., for plaintiff.

David A. Handley and Jonathan H. Waller, Gambrell, Russell & Forbes, Atlanta, Ga., for defendants.

## ORDER

SHOOB, District Judge.

This is an action for damages and attorney's fees under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Jurisdiction over defendants is asserted under 15 U.S.C. § 1692k(d).[1] Defendants in this action have filed a motion to dismiss this case on the ground that venue is improper in this district. *See* 28 U.S.C. § 1406(a). Defendants do not seek the alternative remedy for improper venue, that of transfer of the case to any district in which it could have been brought.[2] *Id.*

Defendants contend, in support of their motion, that (1) since the Fair Debt Collection Practices Act ("Act") has no venue provisions of its own, reference must be had to the general venue provisions for United States district courts at 28 U.S.C. § 1391; and (2) that venue is not properly laid in this Court under any of the provisions of 28 U.S.C. § 1391. Clearly, paragraphs (a), (d), (e) and (f) of § 1391 are inapplicable. Plaintiff responds (1) that 15 U.S.C. § 1692k(d) is both a jurisdiction and a venue provision and, in light of all the circumstances, this is an appropriate forum; and (2) that even if the general venue provision applies, venue is properly laid in the Northern District of Georgia under § 1391(b), in that the claim arose here. Because of the paucity of reported authority on this new Act, the Court has relied heavily on the legislative history of the Act, and on the only case this Court has been able to find dealing with venue under the Fair Debt Collection Practices Act, *Lachman v. Bank of Louisiana in New Orleans, et al.,* 510 F.Supp. 753 (N.D.Ohio, 1981) (Green, J.).

In the absence of an explicit venue provision in the Act, it is reasonable to assume that the general venue provisions apply.

1. That section provides:

An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

2. The Court notes that if it determined that venue was improper in this Court, it would be inclined to transfer the case rather than dismiss it. The acts complained of occurred from May 28, 1980 until June 18, 1980, according to plaintiff's allegations, and the Act provides for a one-year statute of limitations. It has been over a year since the last act complained of.

The district judge in *Lachman* so held. *Accord, Arnold v. Smith Motor Company,* 389 F.Supp. 1020 (N.D.Iowa 1974). *Lachman* was a diversity case, however, and Judge Green concluded that 28 U.S.C. § 1391(a) was applicable.

In the instant case, the only plausible venue provisions are 28 U.S.C. § 1391(b) and (c). (The latter can apply only to corporate defendant Tri-City Adjustment Bureau.) Those sections provide:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

> (c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

Because this Court concludes that venue is proper under § 1391(b), it will not discuss the applicability of § 1391(c) to corporate defendant Tri-City.

■ There are no clear tests under § 1391(b) which can be mechanically applied to determine where the claim arose. Even the "weight of contacts test," *see Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corporation,* 291 F.Supp. 252, 260–61 (E.D.Pa.1968), requires a balancing of interests. Professors Wright and Miller have noted that the cases on this issue "do not make very instructive reading. In most of them the court states the facts about a particular claim and announces the conclusion that it did or did not arise in a particular district, without explaining how the conclusion flows from the facts." 15 *Wright, Miller, and Cooper, Federal Practice and Procedure* § 3806 at pages 33–34 (1976).

■ The Fifth Circuit has recently given its district courts some general principles to consider in determining whether venue is proper under § 1391(b).

> Though the legislative history of section 1391(b) fails to suggest what the draftsmen thought about the question of where a claim arises, 1 Moore's Federal Practice ¶ 0.142[5.–2], at 1423 (2d ed. 1979), when the statute was amended to extend venue to a district "in which the claim arose," the purpose was to "facilitate the disposition of ... claims by providing ... a more convenient forum to the litigants and witnesses involved." H.R.Rep.No. 1893, 89th Cong., 2d Sess. 2 (1966). Thus, "where the claim arose" should "be ascertained by advertence to events having operative significance in the case, and a commonsense appraisal of the implications of those events for accessibility to witnesses and records." *Lamont v. Haig,* 590 F.2d 1124, 1134 (D.C.Cir.1978). This is not to suggest that only a single district can satisfy the statutory standard with respect to any given claim. Often, the factors deemed determinative might well indicate the suitability of several forums. *See, e. g., Commercial Lighting Products, Inc. v. United States District Court,* 537 F.2d 1078, 1080 (9th Cir. 1976); *Tefal, S.A. v. Products International Co.,* 529 F.2d 495, 496–97 (3d Cir. 1976); *Gardner Engineering Corp. v. Page Engineering Co.,* 484 F.2d 27, 32–33 (8th Cir. 1973). In any case, the court should not oppose the plaintiffs' choice of venue if the activities that transpired in the district where suit is brought were not insubstantial and the forum is a convenient one balancing the equities and fairness to each party. *Lamont v. Haig, supra,* 590 F.2d at 1134 n. 62; *Weil v. New York State Department of Transportation,* 400 F.Supp. 1364, 1365 (S.D.N.Y.1975).

*Florida Nursing Home Association v. Page,* 616 F.2d 1355, 1361 (5th Cir. 1980). In this action the events having operative significance are the phone calls made by defendants in Virginia to plaintiff and others in Georgia. Defendants and their witnesses and records are in Virginia; plaintiff and her witnesses are here in Georgia. The phone calls, allegedly in violation of the Act, were initiated in Virginia; they were completed in Georgia, and the harm occurred here. If the suit is maintained here,

defendants will be greatly inconvenienced; if the suit is transferred to Virginia, plaintiff will be greatly inconvenienced. It is clear that Virginia would also be a proper forum.

However, it appears to the Court that discovery in this case will not be particularly extensive, and the parties have already agreed to lessen the burden by, for example, agreeing to depose witnesses by phone. That being the case, and since transfer of the case to Virginia would inconvenience plaintiff at least as much as defendants are presently inconvenienced, the Fifth Circuit's admonition not to oppose plaintiff's choice of venue "if the activities that transpired in the district where suit is brought were not insubstantial and the forum is a convenient one balancing the equities and fairness to each party," takes on added weight.

Another factor to be considered in determining whether venue is proper is the wrong alleged and the nature of the remedy. In passing the Fair Debt Collection Practices Act, the Senate Committee on Banking, Housing and Urban Affairs reported as follows.

> The Committee has found that collection abuse has grown from a State problem to a national problem. The use of WATS lines by debt collectors has led to a dramatic increase in interstate collections. State law enforcement officials have pointed to this development as a prime reason why federal legislation is necessary, because State officials are unable to act against unscrupulous debt collectors who harass consumers from another State.

[1977] *U.S.Code Cong. and Ad.News* 1695, 1697. To remedy this and other abuses, the Congress passed the Act, which is "primarily self-enforcing; consumers who have been subjected to collection abuses will be enforcing compliance." [3] *Id.* at 1699. To ensure that the Act was enforced, Congress provided that, as in "all other Federal con-

sumer protection legislation, a consumer who obtains judgment on his behalf is entitled to attorney's fees and costs." *Id.* at 1700. The remedial purpose of the Act would be defeated if the Court were to take a restrictive view of venue in this instance.

In a lawsuit under the Motor Vehicle Information and Cost Savings Act, which is also self-enforcing consumer protection legislation, the district judge was faced with a motion similar to the one pending in this action. The court there wrote:

> The purpose of the Motor Vehicle Information and Cost Savings Act would be frustrated if plaintiffs were deterred from bringing actions against out-of-state defendants by a restrictive interpretation of venue. Though the Act provides for awarding costs and reasonable attorney's fees to a successful plaintiff, 15 U.S.C. § 1989(a)(2), a plaintiff's personal expenses and other costs not included in the statutory award might well inhibit filing the action. This is especially true where the damages potentially recoverable are small, such as the $1500.00 statutory minimum, 15 U.S.C. § 1989(a)(1), and further distinguishes this type of action from an anti-trust or securities case where damages tend to be inherently larger.

*Arnold v. Smith Motor Company, supra,* 389 F.Supp. at 1024.

While this motion presents a close and difficult question, plaintiff's initial choice of a forum, considered together with the nature of this Act, tips the scales in favor of trial in Atlanta. Defendants' motion to dismiss must be DENIED. However, the Court encourages counsel to continue to make good faith efforts to keep discovery costs low, and the Court will be receptive to economy measures proposed during the course of discovery.

---

**3.** On the other hand, the Committee pointed out that "if the court finds that an action was brought by a consumer in bad faith and for

harassment, the Court may award the debt collector reasonable attorney's fees and costs." *Id.* at 1700.