**Alejo Eulalio GARCIA, et al.**

v.

**Miguel VASQUEZ, et al.**

**Civ. A. No. B–79–205.**

United States District Court,
S. D. Texas,
Brownsville Division.

Aug. 24, 1981.

Robin Alexander, Texas Rural Legal Aid, Inc., Harlingen, Tex., for plaintiffs.

Norton A. Colvin, Hardy, Rodriguez & Colvin, Brownsville, Tex. and Herman E. Gaskins, Jr., Washington, N. C., for defendant Keech.

## ORDER

DeANDA, District Judge.

Now pending in the above referenced cause of action are Defendant James Keech's Motion to Dismiss incorporated in his Answer and Motion for Change of Venue, and Plaintiffs' Motion to Compel Answers to Interrogatories.

As grounds for his Motion to Dismiss, Defendant Keech alleges lack of personal jurisdiction and failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Court having considered said motions and supporting memoranda, is of the opinion that Defendant's motions should be DENIED and Plaintiffs' Motion to Compel should be GRANTED as hereafter set forth.

Plaintiffs in this cause of action seek to recover damages pursuant to the provisions of the Farm Labor Contractor Registration Act, 7 U.S.C. § 2041 et seq., the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., the Wagner-Peyser Act, 29 U.S.C. § 49 et seq. and common law breach of Contract.

Plaintiffs are migrant workers and their families who reside in Cameron County, Texas, within the Brownsville Division of the Southern District of Texas. Defendant Keech is a resident of North Carolina who employs seasonal workers to harvest his crops, utilizing the services of the United States Employment Service System, but with no regular place of business or designated agent for service in the State of Texas.

Plaintiffs allege that during the summer of 1978, Miguel Vasquez, a farm labor contractor, offered them employment pursuant to United States Employment Service System Clearance Order Number 429224. According to the Clearance Order, the employment would be in North Carolina, harvesting cucumbers for Defendant Keech. Mr. Vasquez learned of the Clearance Order request for workers by telephoning Fred Montano of the Texas Employment Commission in Harlingen, Texas. Plaintiffs further allege that in reliance on the information given them by Vasquez, they left Minnesota and arrived in North Carolina to discover that the promises made to them at the time of recruitment with respect to

wages, hours and the availability and condition of housing were unfulfilled.

The Wagner-Peyser Act created the United States Employment Service within the Department of Labor. The purpose of the Act was to provide for a cooperative federal/state system of public employment offices to be operated by the states under systems created by state law. Though the Act works to the benefit of employers by establishing a national network for efficient recruitment of labor, the Act was also intended to offer some protection to those migrant employees who move about the country in search of manual labor.

Migrant labor is recruited by the use of a "Clearance Order." A state employment agency, upon learning of a need for migrant labor, must first ascertain that the need exists, and that workers will be employed in conditions that meet certain federal standards. The state agency then forwards the Clearance Order via the interstate facilities of U.S.E.S. to an employment agency in another state that can fill the request.

Plaintiffs have alleged in their pleadings on file that Defendant Keech requested 35 workers in Clearance Order Number 429224 which originated in Belhaven, North Carolina. In response to Defendant's request, 23 workers including the Plaintiffs were referred to Defendant by the Texas Employment Commission Office in Harlingen. Though Plaintiffs were in Minnesota when they accepted Defendant's offer of employment, other workers were sent directly from Harlingen, Texas. According to the deposition testimony of Fred Montano of the T.E.C., Defendant Keech was not only communicating by telephone with him directly prior to Plaintiffs' arrival in North Carolina, but Keech also provided transportation money to workers through the T.E.C. office.

■ Defendant Keech in his objection to the Court's jurisdiction recognizes the applicability of the Texas long-arm statute to this case, Tex.Rev.Civ.Stat.Ann. article 2031b, § 4, which states in pertinent part:

> For purposes of this Act, . . . The act of recruiting Texas residents, directly or through an intermediary located in Texas, for employment inside or outside of Texas shall be deemed doing business in this state.

But, relying on the fact that Plaintiffs were in Minnesota when they accepted his offer of employment, Defendant Keech professes that he was not engaged in business in Texas and therefore the long-arm statute fails to confer the jurisdiction of this Court over his person.

In light of Mr. Montano's testimony, this Court is forced to reach the opposite conclusion.

■ Due process requirements are also fulfilled. Defendant Keech purposefully issued the job information in North Carolina. The T.E.C. officials merely acted on his behalf in processing the information. The privilege of conducting activities in Texas was intentionally invoked by Keech. This cause of action plainly arises from and is connected with the alleged Texas transaction.

■ Defendant Keech's second ground for dismissal, that Plaintiffs' Complaint fails to state a claim upon which relief can be granted is likewise meritless under the facts Plaintiffs have alleged. Defendant Keech has failed to show beyond a doubt that the Plaintiffs in this cause can prove no set of facts in support of their claim which would entitle them to relief as required for dismissal under Rule 12(b)(6). *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

■ Lastly, Defendant's conclusory statements as to the burden he would suffer in defending this case in Texas are insufficient to prompt this Court to transfer venue of this case to North Carolina. While it may be inconvenient for Mr. Keech to defend this action in Texas, the burden on Plaintiffs of litigating in North Carolina would be far greater.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED that Defendant Keech's Motions to Dismiss and Motion for Change of Venue are DENIED.

It is further ORDERED that Defendant Keech shall have fifteen days from the date of this Order to respond to Plaintiffs' Interrogatories and Request for Production of Documents in accordance with Rule 34 of the Federal Rules of Civil Procedure.