Germain **NEIZIL, Florian Blaise, Maxo Calixte, Aneze Ervilus, Siverni Mercius, Iridenan Meroni, Sainlisiere Nerestal, Wilbert Romelus and Prosper Volcy, Plaintiffs,**

v.

**Jesse Franklin WILLIAMS, a Farm Labor Contractor, and Bonham Brothers, Inc., a Virginia corporation, Defendants.**

No. 82–3–Civ–Oc.

United States District Court, M. D. Florida, Ocala Division.

July 16, 1982.

Robert A. Williams, Florida Rural Legal Services, Inc., Immokalee, Fla., for plaintiffs.

Thomas Garwood, Jr., Akerman, Senterfitt & Edison, Christopher A. Detzel, Subin, Shams, Rosenbluth & Moran, Orlando, Fla., for defendants.

## ORDER

CHARLES R. SCOTT, Senior District Judge.

This matter is before the Court upon defendants' motion to dismiss the complaint, or, in the alternative, to dismiss defendant Bonham Brothers, Inc. as a party defendant, or, in the alternative, to transfer this action to the Western District of Virginia.

Plaintiffs are migrant farm workers residing in Leesburg, Florida. Defendant Williams is a farm labor contractor also residing in Leesburg, Florida. Defendant Bonham Brothers is a Virginia corporation with its principal place of business located in Chilhowie, Virginia.

Plaintiffs allege that defendant Williams recruited, hired and furnished plaintiffs for agricultural employment in violation of the Farm Labor Contractor Registration Act ('FLCRA'). Plaintiffs further claim that defendant Bonham Brothers employed plaintiffs in violation of the FLCRA. Finally, plaintiffs allege that defendants Williams and Bonham Brothers violated the Fair Labor Standards Act ('FLSA') and the Wagner-Peyser Act, and breached their contracts of employment with plaintiffs.

Defendants first contend that this Court lacks in personam jurisdiction over defendant Bonham Brothers. Defendants assert

that the only contact between defendant Bonham Brothers and the state of Florida was the transmittal of a job offer through the interstate clearance system, established by the Wagner-Peyser Act, to the Florida State Employment Service. Defendants note that although defendant Williams resides in Leesburg, Florida, the actual recruitment and hiring of plaintiffs by Williams took place in South Carolina. Defendants argue that under these facts, there are insufficient contacts between defendant Bonham Brothers and the state of Florida to invoke in personam jurisdiction.

■ Where a federal court's subject matter jurisdiction is based solely upon diversity of citizenship, in personam jurisdiction must be conferred under both the state long-arm statute and the due process standard of minimum contacts established by *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). However, where a case arises under federal question jurisdiction, or under both diversity of citizenship and federal question jurisdiction, amenability to personal jurisdiction is governed exclusively by federal law, and, consequently, state law is irrelevant. *Burstein v. State Bar of California*, 659 F.2d 670, 672–73 n. 3 (5th Cir. 1981); *Terry v. Raymond International, Inc.*, 658 F.2d 398, 402–03 (5th Cir. 1981); *Lone Star Package Car Co. v. Baltimore and O. R. Co.*, 212 F.2d 147, 155 (5th Cir. 1954). In the case at bar, jurisdiction is predicated upon a federal question. Therefore, in determining whether in personam jurisdiction exists with respect to defendant Bonham Brothers, only the minimum contacts standard announced in *International Shoe* should be applied and the Florida long-arm statute should not be considered.

In *International Shoe*, the Supreme Court declared that:

> ... due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

326 U.S. at 316, 66 S.Ct. at 158. The Supreme Court has made it clear that:

> ... like any standard that requires a determination of "reasonableness," the "minimum contacts" test of *International Shoe* is not susceptible of mechanical application; rather, the facts of each case must be weighed to determine whether the requisite "affiliating circumstances" are present.

*Kulko v. Superior Court of California*, 436 U.S. 84, 92, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978).

■ The *International Shoe* standard has evolved into a two-step test. First, there must be some minimum contact with the state which results from an affirmative act of the defendant. *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483, 494 (5th Cir. 1974). Second, it must be fair and reasonable to require the defendant to appear in the forum state and defend the action. *Id.* The actual number of contacts within the state is not controlling. The Fifth Circuit has held that:

> ... while very little purposeful activity within a state is necessary to satisfy the minimum contacts requirement, we have, nevertheless, unequivocally required *some* activity by the defendant before permitting the exercise of *in personam* jurisdiction ... the jurisdictional touchstone being the presence of sufficient in-state business activity to indicate a purposeful enjoyment of the benefits and protections of that state's law.

*Benjamin v. Western Boat Building Corp.*, 472 F.2d 723, 726 (5th Cir. 1973).

■ Although generally single or occasional isolated acts of a corporation are insufficient to confer in personam jurisdiction, under certain circumstances such acts, "because of their nature and quality and circumstances of their commission, may be deemed sufficient to render the corporation liable to suit". *International Shoe Co. v. Washington, supra*, 326 U.S. at 318, 66 S.Ct. at 159. The Supreme Court in *International Shoe* noted that the quantity of contacts was not controlling and stated that:

Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure.

\* \* \* \* \* \*

. . . to the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protections of the laws of that state. The exercise of that privilege may give rise to obligations, and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue.

*International Shoe Co. v. Washington, supra,* at 319, 66 S.Ct. at 159.

Plaintiffs have the burden of establishing in personam jurisdiction by making a prima facie showing of facts upon which in personam jurisdiction may be predicated. *Jetco Electronic Industries, Inc. v. Gardiner,* 473 F.2d 1228 (5th Cir. 1973); *Poston v. American President Lines, Ltd.,* 452 F.Supp. 568 (S.D.Fla.1978). However, in ruling on a motion to dismiss for lack of in personam jurisdiction, the court must consider the pleadings and affidavits in the light most favorable to the plaintiff. *Poston v. American President Lines, Ltd., supra.*

The amended complaint in the case at bar alleges generally that at all pertinent times defendant Bonham Brothers conducted business in Florida. Specifically, the amended complaint alleges that defendant Bonham Brothers prepared and submitted a "clearance order rural manpower job offer" form to the United States Department of Labor and the Virginia employment commission, *indicating that the forms should be distributed in Virginia and Florida.* The clearance order allegedly sought migrant farm workers to work for defendant Bonham Brothers and specified defendant Williams, a resident of Leesburg, Florida, as the preferred crew leader to perform the recruiting. The complaint further alleges that the clearance order was transmitted to the Leesburg office of the Florida State Employment Service which, in turn, notified defendant Williams who allegedly agreed to recruit farm workers for defendant Bonham Brothers. Finally, the complaint alleges that plaintiffs were actually recruited and hired by defendant Williams in South Carolina.

The facts alleged in the case at bar are very similar to those in *Garcia v. Vasquez,* 524 F.Supp. 40 (S.D.Tex.1981). In *Garcia v. Vasquez, supra,* a North Carolina employer issued a clearance order, similar to the form used by defendant Bonham Brothers, seeking migrant farm workers to work in North Carolina. The clearance order was transmitted to the Texas Employment Commission. A farm labor contractor learned of the clearance order and recruited and hired the plaintiffs in Minnesota. The plaintiffs, however, were residents of Texas. The North Carolina employer had no regular place of business or designated agent in Texas. The district court concluded that in personam jurisdiction existed, stating:

> Due process requirements are also fulfilled. Defendant Keech purposefully issued the job information in North Carolina. The T.E.C. officials merely acted on his behalf in processing the information. The privilege of conducting activities in Texas was intentionally invoked by Keech. This cause of action plainly arises from and is connected with the alleged Texas transaction.

*Garcia v. Vasquez, supra,* at 42.

The reasoning in *Garcia v. Vasquez, supra,* is equally applicable in the case at bar. The complaint alleges that defendant Bonham Brothers utilized the interstate clearance system and the Florida State Employment Service for the purpose of recruiting and hiring migrant farm workers. Moreover, the complaint alleges that defendant Bonham Brothers specifically named defendant Williams, a Florida labor contractor, as the preferred crew leader to conduct the recruiting. As the court concluded in *Garcia v. Vasquez, supra,* the fact that the

farm labor contractor actually recruited and hired plaintiffs in another state does not alter the fact that the employer's recruitment efforts were directed toward the forum state.

■ Considering the pleadings in the light most favorable to the plaintiffs, the Court concludes that defendant Bonham Brothers' motion to dismiss for lack of in personam jurisdiction must be denied. Defendant Bonham Brothers has affirmatively established minimum contacts with the state of Florida by conducting recruitment efforts in Florida by causing the transmittal of a clearance order to the Florida State Employment Service and specifying that a Florida farm labor contractor conduct recruiting and hiring on its behalf. Furthermore, it is clear that requiring defendant Bonham Brothers to appear in Florida and defend this action is fair and reasonable, whereas plaintiffs would be unduly burdened, due to lack of financial resources, if forced to pursue their action in Virginia. Moreover, forcing plaintiffs to bring their action in Virginia would effectively contravene the purpose of the FLCRA and Wagner-Peyser Act. The Court, therefore, concludes that, accepting the factual allegations in the complaint as true, the due process requirement for in personam jurisdiction as set forth in *International Shoe* has been satisfied.

Defendants next contend that the Ocala Division of the Middle District of Florida is an improper venue under 28 U.S.C. § 1391(b). Section 1391(b) provides as follows:

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

Defendants argue that venue is improper because all of the defendants do not reside within this district and the claims did not arise within this district. Defendants assert that plaintiffs' claims are based on actions or omissions which allegedly occurred in Smyth County, Virginia, and that,

therefore, the Western District of Virginia is the proper venue for this action.

■ In a case involving multiple claims, venue must be proper for each claim. *See* Wright, Miller & Cooper, *Federal Practice & Procedure* § 3808. Counts I and II of the complaint allege that both defendants Williams and Bonham Brothers violated the Wagner-Peyser Act and breached their contracts with plaintiffs. Plaintiffs contend that the venue of these claims is proper under 28 U.S.C. § 1391(b) because the claim arose in this district and, in the alternative, that venue exists under 28 U.S.C. § 1391(c) since defendants' activities constituted "doing business" in Florida.

It is questionable whether these claims arose within this district since the contract was executed in South Carolina and the performance and alleged breach occurred in Virginia. However, it appears that venue is proper with respect to the claims asserted in Counts I and II pursuant to 28 U.S.C. § 1391(c) which provides as follows:

(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

■ As previously discussed, the complaint alleges sufficient contacts between defendant Bonham Brothers and the state of Florida to invoke in personam jurisdiction. It has been generally held that the test for "doing business" within the meaning of 28 U.S.C. § 1391(c) is equivalent to the minimum contacts standard for in personam jurisdiction. *Fraley v. Chesapeake & O. R. Co.*, 397 F.2d 1 (3d Cir. 1968); *Houston Fearless Corp. v. Teter*, 318 F.2d 822 (10th Cir. 1963); see Wright, Miller & Cooper, *Federal Practice & Procedure* § 3811. Consequently, the Court concludes that the minimum contacts previously discussed between defendant Bonham Brothers and the state of Florida are sufficient to satisfy the "doing business" standard under 28 U.S.C. § 1391(c). Moreover, this conclusion is further supported by the nature of

the plaintiffs' claims. As noted by the court in *Gurrola v. Griffin & Brand Sales Agency, Inc.*, 524 F.Supp. 115 (S.D.Tex. 1980):

> The circumstances under which they are hired and work have traditionally exposed them to abuse by relatively well financed individuals. It was in response to this risk of abuse that Congress enacted those provisions under which the plaintiffs now bring this case. Thus, it is apparent that public interest, as evidenced by congressional action in this area, dictates that the court ensure that plaintiffs' legal remedies are not diluted by an indiscriminate transfer that would impose serious financial burdens upon them.

*Id.* at 117.

Count III alleges that defendant Williams violated the FLSA in South Carolina, while Count V alleges that defendant Williams violated the FLCRA in South Carolina and Virginia. Neither of these counts alleges any cause of action against defendant Bonham Brothers. Consequently, with regard to Counts III and V, venue is proper under 28 U.S.C. § 1391(b) since defendant Williams, the only defendant named in those counts, resides within this district.

Count IV alleges that defendants Williams and Bonham Brothers violated the FLSA in Virginia. As previously discussed, this district is a proper venue with respect to defendant Bonham Brothers pursuant to 28 U.S.C. § 1391(c). Similarly, venue is proper with respect to defendant Williams, who resides in Florida, pursuant to 28 U.S.C. § 1391(b).

Count VI alleges that defendant Bonham Brothers violated the FLCRA. Section 12(a) of the FLCRA, 7 U.S.C. § 2050a(a) provides that:

> (a) Any person claiming to be aggrieved by the violation of any provision of this chapter or any regulation prescribed hereunder may file suit in any district court of the United States having jurisdiction of the parties without respect to the amount in controversy or without regard to the citizenship of the parties and without regard to exhaustion of any alternative administrative remedies provided herein.

It appears that this provision of the FLCRA is a venue statute in and of itself. In any event, as previously discussed, venue is proper pursuant to 28 U.S.C. § 1391(b). The Court, therefore, concludes that venue is proper with respect to all claims alleged in the amended complaint.

■ Defendants also contend that venue of this action should be transferred to the Western District of Virginia pursuant to 28 U.S.C. § 1404(a). The Court concludes, however, that the convenience of the parties, witnesses, and the interest of justice would best be served in this forum. Consequently, the Court will deny defendants' motion to transfer this action to the Western District of Virginia.

Defendant Williams has filed a motion to dismiss for failure to state a claim and a motion for a more definite statement.

Defendant Williams first challenges plaintiffs' claims that defendant Williams intentionally violated the FLCRA and the Wagner-Peyser Act. Defendant Williams contends that the amended complaint contains no allegations of knowledge or notice by defendant Williams of his duties under these statutes and, therefore, fails to sufficiently allege an intentional violation. Defendant Williams also contends that the amended complaint contains only conclusory allegations without sufficient factual allegations to support a finding of a violation of the FLCRA.

■ Rule 8(e) of the Federal Rules of Civil Procedure requires only a short and plain statement of the claim sufficient to give notice of what the claim is and the grounds upon which it rests. The plaintiff is not required to set forth in detail the facts upon which his claim is based. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The Court concludes that the general factual allegations and the allegation of an intentional violation of the FLCRA and the Wagner-Peyser Act are sufficient to state a claim for relief.

■ Defendant Williams next argues that plaintiffs do not have standing under § 5(b)(12) of the FLCRA and, in that alternative, that the amended complaint fails to state a claim for relief under § 2044(b)(12). Specifically, defendant Williams contends that a private right of action does not exist under § 2044(b)(12). However, § 12(a) of the FLCRA provides as follows:

(a) Any person claiming to be aggrieved by the violation of any provision of this chapter or any regulation prescribed hereunder may file suit in any district court of the United States
. . .

Thus, it is clear that Congress intended to create a private right of action in enacting the FLCRA. Moreover, the Court finds that the amended complaint contains sufficient allegations to state a claim for relief under § 5(b)(12) of the FLCRA.

■ Defendant Williams next argues that the amended complaint does not contain sufficient allegations of interstate commerce to state a claim for relief under the FLSA. The amended complaint, however, alleges that plaintiffs are migrant farm workers and that they have been employed in South Carolina and Virginia. Plaintiffs further allege that "at all pertinent times, Williams was plaintiffs' employer or joint employer within the meaning of the Fair Labor Standards Act." Furthermore, the amended complaint alleges that Williams conducted his business activities as a farm labor contractor in Florida, South Carolina and Virginia. Finally, the amended complaint alleges that defendant Bonham Brothers "is a corporation organized under the laws of Virginia engaged in the production of agricultural commodities for sale in interstate commerce." The Court concludes that these allegations sufficiently allege interstate commerce activity to state a claim for relief under the FLSA.

The Court further concludes that the amended complaint contains sufficient allegations to give defendants notice of plaintiffs' claims for relief and the grounds upon which they rest. The Court, therefore, will deny defendant Williams' motion for a more definite statement.

Accordingly, it is

ORDERED:

1. Defendants' motion to dismiss for lack of in personam jurisdiction over defendant Bonham Brothers, Inc. is hereby denied.

2. Defendants' motion to dismiss for improper venue is hereby denied.

3. Defendants' motion to dismiss defendant Bonham Brothers, Inc. as a party defendant pursuant to Rules 12(b)(3) and 19(a) of the Federal Rules of Civil Procedure is hereby denied.

4. Defendants' motion to transfer this action from the Ocala Division of the Middle District of Florida to the Abingdon Division of the Western District of Virginia is hereby denied.

5. Defendant Williams' motion to dismiss the amended complaint for failure to state a claim upon which relief can be granted is hereby denied.

6. Defendant Williams' motion for a more definite statement is hereby denied.

7. Defendants shall have twenty (20) days from receipt of this order to answer or otherwise respond to the amended complaint.